MARGARET BOUCHER *vs.* THE CITY OF NEW HAVEN.

A proprietor upon a city street was making a side-walk in front of his premises under an order of the city authorities, and while making it negligently left the walk in such a condition as to be dangerous to public travel, and the plaintiff was injured by reason of it. A reasonable supervision on the part of the city authorities would have discovered the condition of the walk in season to have prevented the injury, but such supervision had not been given. Held that the city was liable.

It was the duty of the city to supervise the work done by the proprietor, and to use, or see that there were used, suitable precautions to prevent accidents.

The rule that a city must have notice, actual or implied, of a defect in a public way, before it can be held liable for an injury caused by the defect, has no application to a case where the ignorance of the defect is the result of a clear and unmistakable omission. Ignorance in such a case is itself negligence.

CASE, for an injury to the plaintiff, from a defect in a side-walk of the defendant city; brought to the Superior Court in New Haven County and tried to the court on the general issue, before *Park, J.* The court found the following facts:—

Some time previous to the 19th day of June, 1870, the proper authorities of the city of New Haven directed the proprietor adjoining the place where the injury complained of afterwards occurred, to construct a sidewalk, according to a

certain grade, on the west side of Wallace street, a public street of the city. In fulfillment of this order the proprietor made an excavation about three feet wide and two feet deep on his own land. along the side of the walk, and about two feet distant therefrom, for the purpose of procuring dirt to raise the walk to the height of the grade. The dirt was thrown upon the walk, and the walk was raised thereby about one and a half feet, and the dirt was left soft and somewhat uneven upon the surface.

On the 19th of June, 1870, and while the walk was in the condition stated, the plaintiff was proceeding along the walk upon the west side of Wallace street, about half past nine o'clock in the evening, on her way to her home not far distant. She was not aware that the walk had been changed from what it had previously been for a long time, and, the night being quite dark, she did not discover the change that had been made before stepping upon the soft dirt thrown upon the walk, and in consequence of the softness of the dirt and the uneven surface, she was precipitated, while in the exercise of reasonable care to avoid the danger, into the excavation and was injured.

There were no guards about the excavation, nor were there lights placed about the same, or along the walk, for the safety of travelers; and the court found that the proprietor was guilty of a want of reasonable care in leaving the walk and excavation in the condition they were in at the time; and that by reason of being so left the walk was in a condition dangerous to travelers and was defective.

It did not appear how long the walk had been in this condition; nor did it appear whether the defendants had had actual or constructive notice of its condition at that time; but it did appear that the defendants had not exercised a reasonable supervision of the street at the place in question, in order to ascertain whether it was defective or not; and if they had exercised such supervision, they would have discovered the dangerous condition of the walk at the place in question, and would have had a reasonable opportunity to repair the defect before the injury occurred.

The defendants claimed, and requested the court to rule, that it was not their duty to exercise any supervision over the street for the purpose of ascertaining whether the side-walk was in a dangerous condition during its construction by the adjoining proprietor, and that they were not liable for the negligence of the adjoining proprietor in the construction of the side-walk, of which negligence they had no notice either actual or constructive.

The court overruled all these claims of the defendants, and rendered judgment for the plaintiff to recover the sum of $250 damages and her costs. The defendants moved for a new trial for error in these rulings of the court.

*Wright* and *Hicks*, in support of the motion.

1. Before a municipal corporation can be held liable for an injury occasioned by a defect in a public highway, it must be shown that its authorities knew of the existence of the defect, or had implied notice of it. In this case it is not found that the defendants had notice, either actual or constructive. It was for the plaintiff to show this affirmatively. *Manchester* v. *City of Hartford*, 30 Conn., 118; *Reed* v. *Northfield*, 13 Pick., 94; *Griffin* v. *Mayor &c., of N. York*, 9 N. York, 456; *Dorlon* v. *City of Brooklyn*, 46 Barb., 604; *Weightman* v. *City of Washington*, 1 Black, 52; *Mayor* v. *Sheffield*, 4 Wall., 195; *Hume* v. *Mayor &c., of N. York*, 47 N. York, 639; *Hart* v. *Mayor &c., of Brooklyn*, 36 Barb., 229; *Davenport* v. *Buckman*, 10 Bosw., 32; *Requa* v. *City of Rochester*, 45 N. York, 135; *Doulon* v. *City of Clinton*, 33 Iowa, 397; *Goodnough* v. *City of Oshkosh*, 24 Wis., 549; *Colley* v. *Westbrook*, 57 Maine, 181. In the state of Massachusetts it must be averred that the defendants had notice. *Worster* v. *Proprietors of Canal Bridge*, 16 Pick., 541. Nor is the fact found that the " defect was palpable, dangerous, and had existed for a long time." *Bill* v. *City of Norwich*, 39 Conn., 222. But on the contrary, it is found that " it did not appear how long the side-walk had been in the condition it was at the time of the injury," which is one of the most

important elements of constructive notice.   *Manchester · v. City of Hartford*, 30 Conn., 118.   Should it be claimed, because it is found that the defendants had not exercised a reasonable supervision of the street, that such want of reasonable supervision amounts to a constructive notice of the defect, we answer that such could not have been the intention of the court below, as it is found in positive terms that it " did not appear that the defendants had had actual or constructive notice."

2.   It cannot be negligence on the part of the city not to superintend all alterations in the public streets made by private persons, nor can the city be holden for the negligence of such persons.   Dillon on Municp. Corp., § 793; Abbott Dig. Law of Corp., 527, § 462; *Gourdier* v. *Cormack*, 2 E. D. Smith, 254; *Pack* v. *Mayor &c. of N. York*, 8 N. York, 222; *Barry* v. *City of St. Louis*, 17 Misso., 121; *City of St. Paul* v. *Seitz*, 3 Minn., 297; *Walcott* v. *Swampscott*, 1 Allen, 101; *Judge* v. *City of Meriden*, 38 Conn., 90.   Any other doctrine would make the city responsible for all accidents upon the public streets, caused by any interference with the same by private persons, and would compel the city to patrol the streets, and that even would not be an adequate protection.

*Watrous*, contra.

CARPENTER, J.   The defendants ordered the construction of a side-walk in one of the streets of the city, and instead of doing the work and assessing the expense upon the adjoining proprietor, permitted the proprietor to do it himself.   The work thus ordered necessarily caused an obstruction or defect in the street which rendered it dangerous, and the proprietor neglected to use proper safeguards to prevent accidents.   The court below has virtually found that the defendants had no notice of the condition of the side-walk; but it is further found that they did not exercise reasonable supervision over the work while being done, and that, if they had exercised such supervision, they would. have known of its condition,

and would have had a reasonable opportunity to repair the defect before the injury occurred. The court held the defendants liable for an injury sustained by Mrs. Boucher in consequence of the defect, and the defendants ask for a new trial.

The record presents two questions.

1. Was it the duty of the defendants to supervise the work done by the proprietor, and to use, or cause to be used, suitable precautions to prevent accidents? This question is answered in the affirmative by the decision of this court in *Manchester* v. *City of Hartford*, 30 Conn., 118. An attempt is made to distinguish this case from that, in this, that there the defect was the result of neglecting to repair, and was " palpable, dangerous, and had existed for a long time ;" while here the defect was necessarily caused by the construction of the side-walk, and the negligence consisted in not properly guarding the excavation, or placing lights about the same, or along the walk, for the safety of travelers, and it does not appear how long it had existed. But the distinction exists only in the outward circumstances of the case. The principles of law applicable to the two cases are precisely the same. No reason has been or can be suggested why a city should be liable for neglecting to cause an adjoining proprietor to repair a side-walk, and not liable for neglecting to see to it that it is repaired or constructed in a safe manner. We entertain no doubt therefore that the court below correctly decided that it was the duty of the defendants to exercise a reasonable supervision of the street at the time and place in question.

2. Did the court err in holding the defendants liable, without finding that they had notice, express or implied, of the defective condition of the side-walk? It is doubtless true as a general rule, that before a municipal corporation, charged with the duty of maintaining a highway, can be made liable for a defect therein, it must have notice, actual or implied, of such a defect. *Manchester* v. *City of Hartford*, supra ; *Bill* v. *City of Norwich*, 39 Conn., 222. Many other cases might be cited in support of that proposition. But that principle has no application to a case in which the ignorance of the defect was the result of a clear and unmistakable omission of

duty. If the first point in this case is correctly decided, it is decisive of this also; for it then became the duty of the defendants to know of the defect, if any existed, and their not knowing it is itself negligence; and such negligence cannot possibly have the effect of excusing them for not repairing, or properly guarding, the defect in question.

A new trial is not advised.

In this opinion the other judges concurred; except PARK, J. who having tried the case in the court below, did not sit.