CHARLES S. FOSTER AND ANOTHER *vs.* CHARLES E. SMITH.

A new trial should not be granted on the ground of a verdict against evidence unless there is such a preponderance of proof on the other side as to show that manifest injustice has been done by the verdict, and to warrant the conclusion that some mistake has been made in the application of legal principles or to justify the suspicion of corruption, prejudice or partiality on the part of the jury.

A promise to pay a debt on installments, is a sufficient new promise to take it out of the statute of limitations.

Also a promise to pay the debt if the creditor would throw off the interest.

[Argued January 7th—decided January 19th, 1885.]

ACTION to recover for goods sold; brought by appeal from a justice of the peace, to the Court of Common Pleas of Litchfield County and tried to the jury before *Warner, J.*

VOL. LII.—29

Verdict for the defendant and appeal by the plaintiffs. The points of law decided by the court will be sufficiently understood without a statement of the facts.

*W. H. Ely*, for the appellants.

*W. H. Williams*, for the appellee.

CARPENTER, J. This is an action for goods sold; the defense is payment and the statute of limitations. The defendant had a verdict and the plaintiffs appealed. The reasons of appeal are, 1st, that the verdict was against the weight of evidence; 2d, that the charge was erroneous as to the statute of limitations.

As to the weight of evidence. The defendant testifies positively to the payment, giving time, place, and circumstances, and naming the person to whom paid. That person denies receiving it, having no recollection of it, and produces the books of the firm, showing no payment and that the cash account of that date balances. He admits, however that if he kept the money and gave no credit on the books the books would not show it. The plaintiff, his attorney, and the officer, all testify to a promise on two or more occasions in 1882 to pay the debt. The jury believed the defendant and rendered a verdict accordingly.

It does not seem to us that the preponderance of proof in favor of the plaintiffs is so strong as to show clearly that "manifest injustice has been done by the verdict," nor is the "wrong so plain and palpable as to exclude all reasonable doubt of its existence; indeed so obvious as clearly to denote that some mistake has been made in the application of legal principles, or to justify the suspicion of corruption, prejudice or partiality in the jury."

The promises sworn to may have been the result of a misapprehension of what was said, or, having been made nearly seven years after the transaction, may have been the result of forgetfulness. The jury had before them the positive testimony of the defendant on the one side, and the denial of one of the plaintiffs, supported by his books, and the evidence of

the new promises; and they believed the defendant. While we might have come to a different result we cannot say that the jury did wrong.

If the jury found that there was a payment the statute of limitations is of no importance. The verdict was a general one; it was not limited to either issue. The legal presumption is that the jury found both issues for the defendant. If the evidence justified the verdict on either defense the judgment must stand. That it was sufficient to sustain the defense of payment we have already seen. We have no occasion therefore to inquire whether it was sufficient to sustain the finding that there was no new promise to pay the debt.

For the same reason it is hardly necessary to inquire whether the charge on that question was correct. But if necessary to consider that, we should say that there was no error in the charge. The grievance seems to be that the court omitted to charge that a qualified acknowledgment or promise was sufficient to take it out of the statute. The only qualification that seems to have been in the minds of counsel when they framed their request was the proposition to pay the claim in two or more payments. That would qualify neither the admission nor the promise. 'A promise to pay may be absolute although it may be to pay on time and in installments.

The only other circumstance which may be claimed as a qualification is the alleged promise to pay if the plaintiffs would throw off the interest. That as a promise was a contingent one, but nevertheless it was a distinct unequivocal recognition of the existence of the debt, (unless it can be regarded as an offer to compromise, which is not claimed,) and from that the law implies the promise to pay. If the acknowledgment is qualified in such a way as to rebut the presumption of the admission of an existing liability, it will not be sufficient. 1 Swift's Digest, 305 and cases cited. A debtor wrote to his creditor " I am extremely sorry to say to you that the prospect at present is not very flattering, as it is utterly out of my power to pay any-

thing." It was held a sufficient acknowledgment. *De Forest* v. *Hunt*, 8 Conn., 179. It seems therefore that there was no occasion to charge as to the effect of a qualified acknowledgment. The jury were distinctly told that if the defendant understandingly made an acknowledgment of the existence of the debt, or understandingly promised to pay it, their verdict should be for the plaintiffs. We do not think the jury were misled.

There is no error and a new trial is denied.

In this opinion the other judges concurred.