HENRY CARSTESEN *vs.* THE TOWN OF STRATFORD ET AL.

Third Judicial District, New Haven, January Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, JS.

The plaintiff's horse and carriage were injured during the night, by reason of the failure of the defendants to guard or light certain excavations made in the street by the defendant railway company in the construction of its tracks. The work was being done with the knowledge and approval of the selectmen of the defendant town and under their supervision, and one of the excavations which caused the accident was upon that part of the street which was then used and open to public travel. The driver knew that this work was going on and drove slowly and with due care. There were two other highways safe and equally convenient to his destination, but it did not appear that he was familiar with these streets. The horse and carriage went into the excavations, and in consequence the horse became frightened and unmanageable and ran away, colliding with a hitching post from 1000 to 1500 feet away, where he freed himself from the carriage and continued his flight over fences and through the fields. There was no evidence showing specific injury to the horse or carriage before the collision with the post, and the statutory notice given the plaintiff, described the excavations and piles of earth and stones alongside the tracks, as the place and cause of the injury. In a suit against the street railway company and the town to recover damages for the injury, it was *held :* —

1. That under the circumstances, the question whether the driver was guilty of contributory negligence in not taking one of the other safe and convenient streets leading to his destination, was one of fact for the determination of the trial court, and not subject to review on appeal.

Carstesen *v.* Town of Stratford et al.

2. That inasmuch as it fairly appeared from the finding that both of the excavations which caused the runaway were made in the work of construction authorized by and carried on under the supervision of the selectmen, the town could not escape liability on the ground that it had no express notice of the defective condition of the highway.

3. That it was clearly the duty of the town to guard against danger from the excavation in the traveled portion of the highway outside the railway location; and that under Chap. 169 of the Public Acts of 1893, it was the duty of the town, as well as that of the street railway company, to take reasonable precautions to warn travelers against dangers arising from an excavation within the railway lines.

4. That the proximate cause of the injury was the existence of the two unguarded holes in the highway, and that the injury was received at the place where this cause operated to produce the runaway ; and the statutory notice of the injury was consequently sufficient in describing the "place of its occurrence."

It is not essential in all cases that there should be concert of action between two defendants in causing an injury, or a violation of some common duty resting upon them, in order to render them liable as joint wrong-doers. If the negligence of each in part directly caused the injury, both may be sued and held responsible.

[Argued February 6th—decided March 26th, 1896.]

ACTION to recover damages for injuries to a horse received through the alleged negligence of the defendants, brought to the Court of Common Pleas in Fairfield County and tried to the court, *Walsh, J. ;* facts found and judgment rendered in favor of the plaintiff for $457 damages, and appeal by the defendants for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Morris W. Seymour* and *Howard H. Knapp,* for the Bridgeport Traction Company. *Stiles Judson, Jr.,* for the town of Stratford.

The place described in the statutory notice as the place of the injury, limited the plaintiff's right to recover to such damages as he could prove occurred at that point. It did not appear that any damages resulted from any injury at the place described, and hence no recovery could be had by the plaintiff. *Beiseigel* v. *Seymour,* 58 Conn., 52 ; *Gardiner* v. *New London,* 63 id., 267 ; *Larkin* v. *Boston,* 128 Mass., 521 ; *Shaw* v. *Waterbury,* 46 Conn., 264 ; *Tuttle* v. *Winchester,* 50 id., 500 ;

*Fields* v. *R. R.*, 54 id., 10; *Cloughesey* v. *Waterbury*, 51 id., 431. The court erred in holding the defendant town in any wise responsible. It had no actual notice, as the trial court finds, and there was no evidence from which constructive notice could be implied. One of the holes was made by the Traction Company acting by authority of the General Assembly, and it is doubtful whether the town could, even if it had had notice, have interfered with the manner in which this work was done. *Shalley* v. *Danbury St. Ry. Co.*, 64 Conn., 381. The Traction Company could not be made responsible for an injury caused by an excavation upon the part of the street maintained and kept open for public travel by the town. Section 9 of the Street Railway Act of 1893, does not permit the joinder of these defendants. It has no application to two independent and distinct *tort feasors* merely because the independent negligence of each has to some extent and in some measure contributed as a proximate cause toward an ultimate damage. In this case the plaintiff alleges the joint or concurrent negligence of the two defendants. He has absolutely failed to prove the negligence of the town, and having so failed cannot be permitted to recover judgment against the other defendant, against whom he has never made a charge of any separate negligence. *Taylor* v. *Yonkers*, 102 N. Y., 202; *Searles* v. *Railway Co.*, 101 id., 661; *Moore* v. *Abbott*, 32 Me., 46; *Moulton* v. *Sanford*, 51 id., 137; *Marble* v. *Worcester*, 4 Gray, 395; *Billings* v. *Worcester*, 102 Mass., 329. The plaintiff's failure to take the safe and equally convenient highway to his destination constituted contributory negligence as matter of law. *Derwart* v. *Loomer*, 21 Conn., 251; *Bill* v. *Smith*, 39 id., 210; *Wilson* v. *Charleston*, 8 Allen, 137; *Horton* v. *Ipswich*, 12 Cush., 488; *Parkhill* v. *Brighton*, 61 Iowa, 103; *McGinty* v. *Keokuk*, 96 Iowa, 725; *Centralia* v. *Krouse*, 64 Ill., 19; *Craig* v. *Sedalia*, 63 Mo., 417; *Masters* v. *Troy*, 50 Hun, 485.

*Thomas N. Cullinan* and *John Cullinan Jr.*, for the appellee (plaintiff).

The work of laying the railway tracks was being done by

Carstesen v. Town of Stratford et al.

the Bridgeport Traction Co., under the supervision of the
selectmen of the town of Stratford.   Whether the work was
negligently done and whether the selectmen failed to exercise
proper supervision, are purely questions of fact.   Whether
the selectmen acted as prudent men in supervising the per-
formance of the work and in guarding from defects that por-
tion of the highway for which they are responsible, is not
a matter for the determination of this court.   There is no
fixed legal standard by which their conduct can be measured.
The same reasoning is to be applied to the question of con-
tributory negligence.   *Fiske* v. *Forsyth Dyeing Co.*, 57 Conn.,
118; *Farrell* v. *Waterbury Horse R. Co.*, 60 id., 239; *O'Neil*
v. *East Windsor*, 63 id., 150; *Donovan* v. *Hartford St. Ry.
Co.*, 65 id., 201; 1 Harris on Damages by Corporation, § 107.
Under Chap. 169 of the Public Acts of 1893, the town was
a joint party in the prosecution of the railway construction,
and consequently was bound to have knowledge of the con-
dition of the highway.   *Russell* v. *Town of Columbia*, 74 Mo.,
480; *Brooks* v. *Somerville*, 106 Mass., 274; *Savannah* v. *Don-
nelly*, 71 Ga., 258; *Cusick* v. *Norwich*, 40 Conn., 377; *Olson*
v. *Worcester*, 142 Mass., 537; Jones on Neg. of Mun. Cor.,
§§ 188, 189; *Davis* v. *Guilford*, 55 Conn., 357; *Boucher* v.
*New Haven*, 40 id., 460; Dillon on Mun. Cor., § 1025; 1
Harris on Damages by Corporations, § 105.   There was no
error in the finding that the driver of the horse was not guilty
of contributory negligence.   *Lutton* v. *Vernon*, 62 Conn., 12;
Dillon on Mun. Cor., § 1007.   It is not contributory negli-
gence as a matter of law for a person who knows that a por-
tion of a road is in a somewhat dangerous condition to pass
over it instead of going around it.   *Congdon* v. *Norwich*, 37
Conn., 420.   The statutory notice given by the plaintiff to
the defendants was legally sufficient as to the place of the in-
jury.   *Canterbury* v. *Boston*, 141 Mass., 217; *Bailey* v. *Everett*,
132 id., 441; *Lily* v. *Woodstock*, 59 Conn., 224; *Brown* v.
*Southbury*, 53 id., 213; *Tuttle* v. *Winchester*, 50 id., 499.

TORRANCE, J.   This is an action for an injury to the
plaintiff's horse and wagon, claimed to have been caused by
a defective highway.

The questions upon this appeal arise out of the facts found, and the substance of the finding may be stated as follows:— On the 24th of July, 1894, and for some considerable time prior thereto, the Bridgeport Traction Company was and had been engaged in building a street railway along the center line of a highway in Stratford called Stratford Avenue. This work was being done with the knowledge and approval of the selectmen of Stratford, and under their supervision. During the construction of the railway a part of Stratford Avenue alongside the line of construction was kept open for public travel. On the night of the 24th of July, 1894, there was, within the lines of the street railway on said avenue, an excavation about two feet wide, fourteen inches deep and ten or fifteen feet long "along the rail of said track, on the side used for the travel of vehicles;" and near by, upon that part of the avenue "which was then being used and kept open for public travel," was a hole two feet wide, three feet long, and about a foot deep. The night was so dark that these holes "could not be seen except by the aid of lamps;" there were no lights near them, and they "were not guarded or protected in any manner." The excavation along the railway track "appeared to be necessary in order properly to perform the work then being done by said traction company." It "did not appear upon the trial how long said holes had remained in the condition described, nor that the selectmen of the town of Stratford had actual knowledge of their existence." On the night in question, "the plaintiff's horse and wagon were being driven by a person who had hired the same," over Stratford Avenue along that part of it then open to public travel. The driver knew that the work of building the street railway was going on there, and he drove slowly and with care. There were two other highways in Stratford which he might have taken to reach his destination, and they were as convenient for that purpose as Stratford Avenue; "but it did not appear that he was familiar with said highways." While thus driving, and "without negligence" on his part, the horse and wagon went into the first of the above described excavations, and passing out of

the same "almost instantly" went into the second one above described. In consequence of this the horse became frightened and unmanageable "and ran away, passing over heaps of dirt and stone on said Stratford Avenue and Main Street, in said Stratford, placed there by said traction company, and on said Main Street, at a point distant from said holes from 1000 to 1500 feet, ran into a hitching-post on the side of said street, and became detached from said wagon, and continued his flight over some fences and through some fields." The horse was seriously injured, and the wagon and harness were badly broken; but "no evidence was presented showing specific injury to horse, or damage to wagon or harness before said horse ran into said post."

The statutory notice of the injury given by the plaintiff to the defendants described, as the cause of it, the excavations aforesaid, and the heaps of dirt, stone and other material on Stratford Avenue and Main Street. On the trial the defendant objected to evidence to show that the horse came in contact with the hitching-post, "upon the ground that the written notice of the place was of a different place, and because the cause of said injuries, as stated in said notice, was of a different nature, viz: that of falling into excavations upon said Stratford Avenue;" but the evidence was admitted, and the defendants excepted.

On the trial the defendants made certain claims of law which the court overruled. The errors of which the defendants complained may be summarized as follows: The court erred in holding: first, that the plaintiff was not guilty of contributory negligence; second, that the defendants were guilty of negligence; third, that the statutory notice was legally sufficient.

In support of the first claimed error, the defendants say that the driver knew that Stratford Avenue was torn up, and there were two other highways equally convenient for him which he might have taken; and upon these two facts they found their claim.

Under the circumstances, and upon the facts found, the question of contributory negligence is clearly one of fact,

and the finding of the court thereon cannot be reviewed here ;
but if it could be, the mere fact that the driver with the
knowledge aforesaid did not take either of the other two
safe and convenient roads, with which he was not familiar,
would not constitute contributory negligence as matter of
law.  *Congdon* v. *Norwich*, 37 Conn., 414.

With reference to the second error, the claim is that the
facts did not warrant the court as matter of law in finding
either or both of the defendants guilty of negligence.

The town says it was not guilty on two grounds : first,
because it had no notice actual or constructive of the defec-
tive condition of the highway ; and second, because even if
it can be charged with such notice, it was not responsible
for that condition, inasmuch as it was caused by the other
defendant under legislative authority, and the town had no
right to interfere in the matter.

The finding disposes of the first of these claims adversely
to the town, for it fairly shows that both of the excavations
which caused the runaway were made in the process of con-
structing the railway, and this process was going forward,
not only with the knowledge and approval of the selectmen,
but under their supervision.   Under the Act of 1893 (Chap.
169, Public Acts of 1893) it was the duty of the railway
company to keep a certain portion of the highway in repair
to the satisfaction of the selectmen ; and for the purpose and
to the extent of protecting from danger persons legitimately
using the highway, it was the duty of selectmen, after the
traction company began to occupy the highway for its pur-
poses, to exercise a reasonable degree of supervision over a
work which they had, in an important sense, authorized,
which they knew was going forward daily, and which might
at any time render the highway dangerous to such persons.
There is nothing to show that the selectmen could not have
discovered the defective condition of the highway by the
use of reasonable diligence, and in the absence of a finding
to that effect, they were justly chargeable with a knowledge
which it was their duty to possess.   *Cusick* v. *Norwich*, 40
Conn., 376 ; *Boucher* v. *New Haven*, ibid., 456 ; *Brooks* v.

*Somerville*, 106 Mass., 271, 274; *Russell* v. *Town of Columbia*, 74 Mo., 480.

The other claim, that even with such notice of the defects, it would not be liable in this action, inasmuch as they were caused by a third party over whom the town had no control, and who was authorized by its charter to do the acts complained of, cannot be sustained.

One of the excavations which caused the runaway was outside of the railway lines, and upon that part of the highway kept open for public travel which it was the duty of the town to keep in repair; and as to this, inasmuch as the town was chargeable with notice of it, clearly it was the duty of the town to reasonably guard against danger from it; and this duty it neglected to perform. And as to the excavation within the railway lines, of which the town is chargeable with notice also, we think the town under the Act of 1893 aforesaid was guilty of negligence, so far as this plaintiff in this action is concerned, in not taking reasonable precautions to warn him against danger from it. It was in consequence of getting into both excavations that the horse ran away. The existence of each, unguarded in any way, contributed to cause the runaway, which is found to have been the result of the combined effect of both excavations. The traction company, under the statute, was clearly responsible for the condition of that part of the road within its own lines; and, if it had been made sole defendant in this suit, the fact that the negligence of the town had contributed to cause the runaway, would have been no defense. "In general the negligence of third parties concurring with that of the defendant to produce an injury, is no defense; it could at most only render the third party liable to be sued also as a joint wrong-doer." Cooley on Torts, 684; *Ricker* v. *Freeman*, 50 N. H., 420; *Randolph* v. *O'Riordon*, 155 Mass., 331; *Tompkins* v. *Clay Street R. R. Co.*, 68 Cal., 163. The case at bar can fairly be regarded as one which could be brought under § 9 of the Act of 1893 aforesaid, against both the town and the traction company; and in this view of it the court was justified in finding that the town was negligent.

With respect to the negligence of the traction company the finding is equally conclusive. It made an excavation within its lines, which was necessary and proper enough for purposes of construction; it was one that might be dangerous to public travel; it was the duty of the company to guard travelers against such danger; it neglected that duty, and that negligence essentially contributed to the injury sustained by the plaintiff.

But the defendants object to this part of the finding, because they say the traction company and the town were not joint wrong-doers, and the traction company was not liable for the negligence of the town in failing to properly guard against danger on that part of the highway which it was the separate duty of the town to keep in repair. The argument seems to be that in order to make two parties responsible as joint wrong-doers, there must in all cases be some concert of action between them in causing the injury, or some common duty resting upon them which both have violated; but this is not necessarily so. "There are cases in which two or more persons have so acted, though not in concert or simultaneously, as to be liable as joint wrong-doers." Pollock on Torts, 381, 391. This principle was recognized and acted upon in *Clark* v. *Chambers*, L. R. 3 Q. B. Div., 327, and in many of the cases therein commented upon; also in *Ricker* v. *Freeman, supra; Ring* v. *Cohoes*, 77 N. Y., 83, and many others that might be cited. " If no fault can be attributed to the plaintiff, and there is negligence by the defendant and also by another independent person, both negligences partly directly causing the accident, the plaintiff can maintain an action for all the damages occasioned to him against either the defendant or the other wrong-doer." *The Bernina*, L. R. 12 Prob. Div., 58, 61. " When several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes." *Ring* v. *Cohoes*, 77 N. Y., 83. Upon the facts found we think the defendants must be regarded as parties whose " negligence in part directly " caused the runaway, and there-

fore the court did not err in finding the traction company guilty of negligence.

The remaining question relates to the sufficiency of the statutory notice given in this case; and the only objection to its legal sufficiency is that it does not sufficiently describe the *place* where the injury occurred. The plaintiff claims that the place of injury was that part of Stratford Avenue where the horse first began to be unmanageable; and no claim is made that the notice did not fully and accurately describe that place. The defendants seem to claim that the hitching-post was the place of the injury, because up to the time of collision with that, no harm had come to the plaintiff's property; or at least they claim that this last place formed part of the place of the injury which the plaintiff was bound to describe in his notice.

The statute (General Statutes, § 2673) requires written notice to be given of the injury, and among other things, of the "place of its occurrence." What then was the "injury" in this case? It was not the hurt done to the horse nor the harm done to the wagon and harness; these were the loss and damage resulting from the injury. "An injury, legally speaking, consists of a wrong done to a person, or, in other words, a violation of his right;" *Parker* v. *Griswold*, 17 Conn., 288, 302; and the injury to the plaintiff in this case occurred at the place fully and accurately described in the notice, and not at the hitching-post or elsewhere.

For the purposes of this case it is sufficiently accurate to say that the proximate cause of the injury was the existence of the two unguarded holes in the road, and that the injury was received where this cause operated to produce the runaway; and the court did not err in holding the notice to be legally sufficient, and in admitting the testimony objected to.

There is no error.

In this opinion the other judges concurred.