HATTIE MAY FITCH vs. THE CITY OF HARTFORD.

First Judicial District, Hartford, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, JS.

Whether a municipality is negligent or not in permitting a defect in a
   sidewalk which, while not glaring or pronounced is something more
   than a trifling inequality in its surface, to remain for years in that
   condition, is a question of fact for the jury under all the surrounding
   circumstances.

While a municipality is bound to anticipate and provide for all defects
   and obstructions in a highway which may reasonably be expected to
   arise in the performance of work by a licensee for his own private
   benefit, it is not an insurer of the safety of travelers on its highways,
   and therefore is not bound at its peril to provide in advance against
   unnecessary and unexpected dangers such as may be created by
   the negligence of its licensee; its duty is only to use reasonable
   care in ascertaining such neglect and in averting its harmful con-
   sequences.

The action of the trial court in setting aside a verdict, although placed
   upon the wrong ground, will not be disturbed by this court on ap-
   peal, if it appears from the appellee's exceptions to the charge that
   the verdict was based upon an erroneous instruction.

Argued October 2d, 1917—decided January 22d, 1918.

ACTION to recover damages for personal injuries
alleged to have been caused by the negligence of the
defendant in maintaining a defective sidewalk, brought
to the Superior Court in Hartford County and tried
to the jury before *Kellogg, J.;* verdict for the plaintiff,
which was set aside as against the evidence, and appeal
by the plaintiff. *No error.*

This case comes here on plaintiff's appeal from the
action of the court in setting aside the verdict, and on
defendant's bill of exceptions to the charge.

Plaintiff's evidence was that in stepping down from
a raised platform which formed a part of the traveled
sidewalk, she caught her foot between two flagstones on

the lower level of the walk. The space between the flagstones was admittedly $10\frac{1}{2}$ inches long, $2\frac{1}{2}$ inches wide, 1 inch deep measured from the upper surface of one stone, and $2\frac{1}{2}$ inches deep measured from the other. This opening had existed for some years, and the plaintiff had observed it. At the time of the accident it was concealed by loose dirt thrown upon it by a licensee of the city, who had dug a hole in the sidewalk, not far away, under a permit issued by the city.

It seems to have been conceded that the city had no actual notice of the changed condition caused by the concealment of the alleged defect, and that the dirt which concealed it might have been thrown there very shortly before the accident.

One portion of the charge, included in the defendant's bill of exceptions, is as follows: "A municipality is responsible for the negligence of one who, acting under its license or permission lawfully granted, creates any defect or obstruction, which endangers the safety of persons using the streets. . . . Notice of the defect or obstruction is not necessary in such cases."

*William H. Fogerty,* for the appellant (plaintiff).

*Francis W. Cole,* for the appellee (defendant).

BEACH, J. Whether the city was negligent in permitting a defect of the size and character above described to remain for an indefinite time at the place where it was located, was a question for the jury to determine in view of all the surrounding conditions.

The plaintiff's story was one which the jury might reasonably believe, and the alleged defect was more than a negligible inequality of surface. Its location and dimensions were definitely ascertained, so that the jury could intelligently pass upon the question whether

under all the circumstances of location and travel it was a dangerous defect either in its normal condition or when concealed by loose dirt. So far as these issues of fact are concerned, there was no reason for setting aside the verdict. Nevertheless the court might properly have set it aside on an entirely different ground, because it was based upon a misdirection in charging the jury as set forth in the statement of facts.

When a municipal corporation, charged with the duty of maintaining its highways in reasonably safe condition for travel, grants a permit for specified work to be done within the limits of a highway for the private benefit of the licensee, it is, of course, notified in advance of all defects and obstructions in the highway which may reasonably be expected to arise in the performance of that particular work at the given time and place, and in the exercise of reasonable care it is bound to anticipate and provide for all such defects and obstructions. *Boucher* v. *New Haven*, 40 Conn. 456; *Cummings* v. *Hartford*, 70 Conn. 115, 123, 38 Atl. 916.

Since the duty of exercising reasonable care rests continuously on the municipality, it must also use reasonable care to protect travelers against the negligence of its licensees by a reasonable supervision and control of the work. *Carstesen* v. *Stratford*, 67 Conn. 428, 434, 35 Atl. 276. But it is not an insurer of the safety of travelers on the highway, and therefore it is not bound at its peril to provide in advance against unnecessary and unexpected dangers such as may be created in the highway by the negligence of its licensees. In such cases the rule is, not that the municipality is liable for the negligence of the licensee, but that it is bound to use reasonable care in ascertaining the neglect and averting its harmful consequences; and that in the absence of actual notice of a defect due solely to the negligence of the licensee, it is not liable unless it has

failed to use reasonable care in discovering the existence of the defect. See 4 Dillon on Municipal Corporations (5th Ed.) § 1723, as modified by *Boucher* v. *New Haven,* 40 Conn. 456.

The defendant's bill of exceptions to that part of the charge quoted in the statement of facts is sustained, and the case must therefore stand for a new trial.

There is no error.

In this opinion the other judges concurred.