## ABRAHAM AARONSON *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, New Haven, January Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

The mere placing of a so-called silent policeman at the intersection of two city streets for the guidance and regulation of traffic, without fastening or anchoring it so as to prevent its displacement, is not a breach of any legal duty which the city owes to travelers upon its highways; but if the guidepost is toppled over and displaced and thereby becomes an obstruction and defect in the highway, the city is bound to remedy the defect, like any other, within a reasonable time after receiving notice of its existence, and, failing so to do, is liable under the statute (§ 1414) to one who, while in the exercise of due care, is injured in his person or property by reason of such obstruction.

Evidence that other accidents of which the city had notice, had been caused by the displacement of the same silent policeman or guidepost, is admissible as tending to show knowledge of conditions affecting the degree of diligence which may reasonably be required of the city in removing the obstruction after notice.

Evidence that the guidepost was knocked down and rolled into the highway about 6:30 p. m., that notice of that fact was given to the officer in charge of the nearest police-station, which was not more than twelve minutes' walk from the place of the accident, about 7 p. m., and that the obstruction lay in the roadway until the injury occurred a half hour later, *held* sufficient to justify the jury in finding that the city had not acted with reasonable diligence in removing it after notice.

Courts will take judicial notice of the common use of silent policemen or guideposts at the intersection of frequented streets, and that such devices serve a useful purpose in directing traffic and promoting obedience to the law.

A general verdict for the plaintiff imports that all the issues were found in his favor; and therefore if no error intervened in the determination of one issue, and the damages are the same whether one or both issues are found for the plaintiff, the verdict must stand, although there was error in the charge as to the other issue.

A defendant in such a situation may protect himself from any possible injustice by asking for a separate verdict upon each count; or if, as in the present case, two or more issues are presented in one count,

then by asking the court to propound special interrogatories to the jury and thus ascertain upon which one or more they based their verdict.

Argued January 23d—decided June 10th, 1920.

ACTION to recover damages for injuries to the plaintiff's automobile and for the loss of its use, alleged to have been caused by the negligence of the defendant in the maintenance of one of its highways, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Simpson, J.;* verdict and judgment for the plaintiff for $567, and appeal by the defendant. *No error.*

The injuries in question were caused by the plaintiff driving his automobile against an obstruction in the highway. Plaintiff alleged and claimed to have proved, that for some time before the accident the defendant city had maintained, at or about the center of the intersection of Sherman Avenue and Elm Street, a so-called silent policeman consisting of a heavy circular base and an upright post, surmounted by a sign and a suitable light; that the device was not otherwise anchored or fastened in the highway than by its own weight, and that some time before the injuries in question were received the device was toppled over and lay in the traveled part of the highway and constituted a dangerous obstruction to its use; and that, after notice of the existence of this dangerous obstruction was given to the defendant, it was negligently permitted to remain unguarded in the traveled part of the highway until the plaintiff, in the exercise of due care, ran over it and injured his motor-car. The specifications of negligence in the complaint are that the defendant and its servants were negligent in that they placed a dangerous obstruction upon the highway without securely anchoring it, and in that they failed and neglected to guard or remove the same after notice that

it had been toppled over and rolled into the traveled
roadway. The case was tried to the jury on a general
denial, and a general verdict for the plaintiff was ren-
dered and accepted. A motion for a new trial on the
ground that the verdict was against the evidence was
denied. Defendant appeals from the refusal of the
court to grant a new trial, and for errors in the charge
and in the admission of evidence.

*William L. Bennett* and *Thomas R. Robinson,* for the
appellant (defendant).

*Kenneth Wynne,* for the appellee (plaintiff).

BEACH, J. The complaint alleges that in the course
of the transaction described therein the city committed
two breaches of legal duty toward the plaintiff: first,
in placing a dangerous obstruction at the intersection
of these highways without securely anchoring it; and
second, by leaving it unguarded in the traveled road-
way after notice that it had become displaced and after
reasonable opportunity to remove it.

As to the first specification of negligence, the defend-
ant city claims that the silent policeman in question
was placed at the intersection of these highways by
the direction of its proper officials for the regulation
and direction of traffic, and in the exercise of a govern-
mental duty; and that it is not liable for any damage
directly and proximately due to placing a silent police-
man of its own selection at a location chosen by it for
that purpose. The second specification of negligence
was met by the city with a denial that it failed to exer-
cise reasonable diligence in removing the device after
notice that it had been displaced and rolled into the
traveled highway. Upon this latter issue there was
evidence from which the jury might have found that

the signal was knocked down and rolled into the traveled roadway about 6:30 p. m. on the day of the accident, that notice of the fact was given to the officer in charge of the nearest police-station about 7 p. m., that it would require not to exceed twelve minutes to walk from the police-station to the place of the accident, and that the device lay in the roadway until about 7:30 p. m., when the accident occurred.

Concededly, this device, as it lay displaced in the roadway, was an obstruction and a defect in the highway, and the jury might properly have found that the defendant had not acted with reasonable diligence in removing it after notice. That being so, the motion for a new trial, on the ground that the verdict was against the evidence, was properly denied. "The verdict was a general one, hence the presumption that the jury found all the issues for the plaintiff." *Tillinghast* v. *Leppert,* 93 Conn. 247, 249, 105 Atl. 615.

In this connection, we think the evidence of the witness Church, to the effect that other accidents of which the city had notice had been caused by this silent policeman being displaced, was admissible as tending to show knowledge of conditions affecting the degree of diligence which might reasonably be required of the defendant in removing it from the traveled roadway after notice.

The other assignments of error relate to portions of the charge defining the legal duty of the city to exercise care in placing silent policemen at the intersection of streets. The court said in part: "Now, the care required of the city in placing the signal device at the intersection of the streets in question, is that degree of care that the ordinarily prudent person would have used in placing such an object at the intersection of these two highways or streets." And again: "So if you find that the plaintiff has shown by the proper

weight of evidence, that is, by the fair preponderance of the evidence, that the defendant was negligent as claimed by him in not fastening or anchoring the signal device so that it would not be liable to topple or be knocked over and moved into a position on the highway, and that this should have been reasonably anticipated by the city, and that this did as a matter of fact occur, and that the highway as a matter of fact was made or rendered not reasonably safe for ordinary travel thereby, and that the plaintiff was injured thereby without any fault or neglect on his part, your verdict should be for the plaintiff."

We think the court erred in charging that the mere placing of a silent policeman at the intersection of the streets with knowledge that it was liable to be displaced so as to become a dangerous obstruction to traffic, and without fastening or anchoring it so as to prevent or minimize such liability, was a breach of the legal duty which the defendant owed to travelers on its streets. "In the absence of legislation, persons using a public highway do so at their own risk. . . . This is equally true when the execution of the function is committed to the inhabitants of the municipality; the governmental duty thus imposed is a burden which the inhabitants are compelled to carry, and the failure to obey the law, or neglect in its execution, may be punished in any manner the State may prescribe. But the mere imposition of the burden imposes no duty and correlative right, as between the municipality and the persons using the highway." *Lavigne* v. *New Haven,* 75 Conn. 693, 695, 55 Atl. 569. "An injury caused by a defective highway is not an actionable tort. The party injured has no remedy against the town or against any one, for any wrong done. His indemnity provided by the State may be collected of the town, but only as a penalty and when the occasion upon

which the penalty arises exists as defined by statute."
*Upton* v. *Windham*, 75 Conn. 288, 292, 53 Atl. 660.
The only remedy given by the statute is that expressed
in § 1414: "Any person injured in person or property
by a defective road or bridge may recover damages
from the party bound to keep it in repair." There must
be a defective highway. When in the course of events
leading up to the injury to the plaintiff's automobile
did this highway become defective? Not by the mere
installation of a silent policeman at the intersection of
two highways for the purpose of directing traffic and
of requiring travelers to obey § 26 of Chapter 233 of
the Public Acts of 1919. There is no allegation that
so long as it remained in place it failed to serve its in-
tended purpose as an aid to traffic. The specification
of negligence on this branch of the case is that it was
not securely anchored in place, and although de-
scribed in one paragraph of the complaint as a danger-
ous obstruction upon the highway, the context requires
that phrase to be construed as an allegation that it was
potentially dangerous because liable to be displaced.

But, irrespective of the allegations of this complaint,
it cannot be said that a sufficiently conspicuous guide-
post for traffic, placed at the intersection of two streets,
makes the highway defective. We take judicial notice
of the common use of such devices at such locations,
and that they do serve a useful purpose in directing
traffic and promoting obedience to the law.

It may be true, although we express no opinion on
that point, that the defendant city ought in the exer-
cise of reasonable care to have taken some measures
to prevent this guide-post from being toppled over
and displaced. But if that be so, its failure to take
such measures was not an actionable breach of the
legal duty which it owed to travelers on the highway,
because the presence of a sufficiently conspicuous silent

policeman in its proper place in a highway is not a defect. The fact that it is liable to be displaced and to become an obstruction to travel is relevant only as it imposes on the defendant city a commensurate degree of diligence in inspecting the device or in removing it after it is displaced.

The rule laid down in *Boucher* v. *New Haven*, 40 Conn. 456, *Carstesen* v. *Stratford*, 67 Conn. 428, 35 Atl. 276, *Cummings* v. *Hartford*, 70 Conn. 415, 38 Atl. 916, and *Fitch* v. *Hartford*, 92 Conn. 365, 102 Atl. 768, to the effect that when a city authorizes third parties to do work within the limits of a highway which will necessarily cause a defect therein, it must use reasonable care to protect travelers against the negligence of its licensees by a reasonable supervision and control of the work, applies to the case of a silent policeman which is known to be liable to become a dangerous obstruction in the highway. The city is required to exercise reasonable supervision and control of silent policemen on its highways, but no breach of legal duty giving rise to a cause of action can occur unless and until the highway becomes defective. And then the city is not liable unless it has either failed to use reasonable care in discovering the existence of the defect, or has failed after actual notice or constructive notice to use reasonable care in repairing it. *Fitch* v. *Hartford*, 92 Conn. 365, 102 Atl. 768. " 'Notice of another defect, or of the existence of the cause likely to produce the defect, is not sufficient.' " *Carl* v. *New Haven*, 93 Conn. 622, 628, 107 Atl. 502. The jury should have been charged that the city was not liable unless it failed to use reasonable care in discovering the obstruction after it existed, or failed to use reasonable care in removing it after notice.

Another question remains to be considered. As already stated, the verdict was a general one and it imports that the jury has found all the issues for the plain-

tiff. One good and sufficient specification of negligence, to wit, that the defendant neglected to remove the obstruction within a reasonable time after notice, was alleged and supported by credible testimony, and the damages to be awarded are no more or no less whether one or both issues of negligence were found for the plaintiff. That being so, the verdict must stand. *Wolcott* v. *Coleman*, 2 Conn. 324, 337; *Sharp* v. *Curtiss*, 15 Conn. 526, 533; *Hoag* v. *Hatch*, 23 Conn. 585, 589; *State* v. *Stebbins*, 29 Conn. 463, 471; *Bulkley* v. *Andrews*, 39 Conn. 523, 534; *Foster* v. *Smith*, 52 Conn. 449; *State* v. *Basserman*, 54 Conn. 88, 6 Atl. 185; *Goodale* v. *Rohan*, 76 Conn. 680, 58 Atl. 4. As was said in *Foster* v. *Smith, supra,* page 451: "If the evidence justified the verdict on either defense the judgment must stand. That it was sufficient to sustain the defense of payment we have already seen. We have no occasion therefore to inquire whether it was sufficient to sustain the finding that there was no new promise to pay the debt. For the same reason it is hardly necessary to inquire whether the charge on that question was correct."

In such cases the defendant may protect itself from any possible injustice, when the complaint contains two or more counts, by asking for a separate verdict upon each count, or when two or more issues are presented in one count, by asking the court to propound special interrogatories to the jury.

There is no error.

In this opinion the other judges concurred.