ROSA LEVERONE *vs.* CITY OF NEW LONDON.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued May 1st—decided June 5th, 1934.

*Thomas E. Troland,* for the appellant (defendant).

*Arthur T. Keefe,* for the appellee (plaintiff).

HINMAN, J. The only error assigned is in the denial of the defendant's motion to set aside the verdict.

On December 5th, 1932, the defendant city issued a permit to the Connecticut Power Company to excavate in sidewalks in the Ocean Beach section of the city for the purpose of installing valves in gas service pipes near the curb line. Under that permit the Power Company, about December 23d, cut an aperture approximately twenty-four by twenty-four inches in size in a cement sidewalk in front of the Clifford property on Bentley Avenue, excavated to the service pipe, installed a valve and valve box and filled in the excavation with dirt. On the evening of March 24th, 1933, at about seven o'clock, the plaintiff, while walking along the sidewalk at this point, stepped in the space where the walk had been so cut and filled, fell and was injured. Evidence was uncontradicted that when the valve had been installed the excavation was filled with dirt, carefully tamped, to the level of the surrounding surface of the cement sidewalk, but the evidence was to the effect that at the time the plaintiff fell the dirt surface had become depressed below that level to an extent stated by different witnesses as from one-half inch to five inches. It appeared that although the permit was to expire March 1st, 1933,

completion of the work by restoring the cement surface had been deferred, with the knowledge of the city's superintendent of streets, until seasonable weather. Therefore the situation remained, as to the duty and liability of the city, subject to the rules applicable to work done under municipal permit within the limits of a public highway, for private benefit.

In such a case the city is deemed to be "notified in advance of all defects and obstructions in the highway which may reasonably be expected to arise in the performance of that particular work at the given time and place, and in the exercise of reasonable care is bound to anticipate and provide for all such defects and obstructions. *Boucher* v. *New Haven,* 40 Conn. 456; *Cummings* v. *Hartford,* 70 Conn. 115, 123, 38 Atl. 916. Since the duty of exercising reasonable care rests continuously on the municipality, it must also use reasonable care to protect travelers against the negligence of its licensees by a reasonable supervision and control of the work. *Carstesen* v. *Stratford,* 67 Conn. 428, 434, 35 Atl. 276. But it is not an insurer of the safety of travelers on the highway, and therefore it is not bound at its peril to provide in advance against unnecessary and unexpected dangers such as may be created in the highway by the negligence of its licensees. In such cases the rule is, not that the municipality is liable for the negligence of the licensee, but that it is bound to use reasonable care in ascertaining the neglect and averting its harmful consequences; and that in the absence of actual notice of a defect due solely to the negligence of the licensee, it is not liable unless it has failed to use reasonable care in discovering the existence of the defect." *Fitch* v. *Hartford,* 92 Conn. 365, 367, 102 Atl. 768; *Aaronson* v. *New*

*Haven,* 94 Conn. 690, 696, 110 Atl. 872; 25 A. L. R. 460.

If the jury found, as was open to them, that the depression was as deep as some witnesses testified, it would constitute a patent defect in the walk, and the question then presented would be whether the defendant failed to use reasonable care in discovering its existence. As to this, the appellant claims that the evidence was not such as to warrant the jury in finding that the defect had existed for such a length of time that the city should have become aware of it through reasonable supervision of its streets and sidewalks. There is merit in the defendant's claim that no witness testified to continuance of it for any definite time before the accident; the evidence as to time appears to relate to the existence of the aperture in the concrete instead of the depression in the dirt filling. However, the only cause for the settling of this filling which the evidence suggests, is the effect of rainstorms which, it appears, in several instances had occasioned the filling in of similar places by the Power Company employees by direction of the superintendent of streets. It also appears that the usual method of inspection on behalf of the city was by driving through streets in an automobile, and there was no evidence of definite supervision of the particular place in question. The weather observer testified that there was precipitation of rain and snow on March 19th, rain all day the 20th, all night and until three p. m. on the 21st, but no precipitation thereafter up to the time, three days later, when the plaintiff fell. In view of these considerations, especially the knowledge of the city's superintendent of streets that rainstorms were likely to cause depressions in these excavations, the storm ending three days before, such evidence as there was as to the presence of the depression, and the inference, deducible from its

nature, that it would not have been created immediately before the accident, and assuming, as we must, as the charge is not attacked, that the jury were instructed accurately as to the applicable legal principles, we are unable to hold, as a matter of law, that the jury could not reasonably have found adversely to the defendant upon this issue.

The other main contention is that the evidence was not such as to justify the conclusion, essential to recovery and imported by the verdict, that the plaintiff was in the exercise of such care as to constitute freedom from contributory negligence. Here, again, as the charge is not questioned, we infer that the instruction as to her legal duty in the premises (*Kerr* v. *Connecticut Co.,* 107 Conn. 304, 309, 140 Atl. 751; *Hizam* v. *Blackman,* 103 Conn. 547, 131 Atl. 415) was correct and adequate. While the plaintiff had traversed this walk rather frequently and knew of the aperture in the cement, there is no evidence that she had knowledge, also, of the depression in the filling which constituted the actual defect and proximate cause of her injury. In judging her testimony regarding the degree of diligence and attention which she exercised on the particular occasion, the jury justly may have made allowance for the difficulty in accurate expression which her testimony, as a whole, reveals. The nature of the defect obviously was such as to render it rather inconspicuous, particularly after dark. Giving due weight to all of the defendant's arguments, we yet cannot say, as a matter of law, that the finding of freedom from contributory negligence was inadmissible, as in *Seabridge* v. *Poli,* 98 Conn. 297, 304, 119 Atl. 214.

The further claim is that the amount of the verdict ($1500) is excessive. The immediate consequences of such injuries as the plaintiff sustained were considerable, and it was for the jury to determine, upon con-

flicting evidence, to what extent subsequent disabilities were attributable thereto. The sum awarded was not so clearly unwarranted as to be subject to interference by the court. *Szivos* v. *Leonard,* 113 Conn. 522, 155 Atl. 637.

There is no error.

In this opinion the other judges concurred.