CLARK v. VILLAGE OF CHELSEA.

1. Municipal Corporations—Icy Streets.
   Presence of icy condition on village street in January does not
   render village liable for injuries to motorist received when car
   in which she was riding collided with pole at street intersection.

2. Same—Highways and Streets—Negligence—Pole Supporting
   Traffic Light.
   Pole supporting electrically operated traffic lights at street inter-
   section *held*, not to make highway defective so as to render
   village liable for injuries sustained by motorist colliding with
   it, since erection and maintenance of pole for such purpose is
   performance of a governmental function and not neglect of
   statutory duty to keep street "reasonably safe and convenient
   for public travel" (1 Comp. Laws 1929, § 4225).

Appeal from Washtenaw; Sample (George W.),
J. Submitted October 3, 1934. (Docket No. 66,
Calendar No. 38,022.) Decided December 10, 1934.

Case by Ruth Clark against Village of Chelsea, a
municipal corporation, for injuries alleged to have
been caused by defendant's negligence. Verdict for
plaintiff. Judgment for defendant *non obstante
veredicto*. Plaintiff appeals. Affirmed.

*Jacob F. Fahrner* and *Andrew J. Sawyer*, for
plaintiff.

*Frank B. DeVine*, for defendant.

Bushnell, J. Since the World War a pole has
stood in the intersection of Main and Middle streets
in the defendant village, which is used to support
electrically operated traffic lights. Late one even-

ing in January, plaintiff, a young lady, was out riding with a friend, both being well acquainted with the locality. The day was snowy and the street was icy. As the driver attempted to turn the intersection, the car skidded and crashed into the pole. Plaintiff was injured, sued the village and was awarded damages by a jury in the sum of $5,250. She appeals from a judgment for defendant, *non obstante veredicto;* the trial court holding that the driver was as a matter of law guilty of contributory negligence, which negligence was imputed to plaintiff. Appellant denies the negligence and says that since the trial court was in error, a judgment should be entered on the verdict.

Section 4225, 1 Comp. Laws 1929, requires the village "to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all public highways, streets," etc.

Plaintiff concedes there is no liability on the part of the village because of the ice on the street, so no citation of authorities is necessary on this point. It is insisted, however, that the placing and maintaining of the pole in the center of the highway is a violation of the statutory duty imposed on the village. The answer to this argument is found in *Aaronson v. City of New Haven,* 94 Conn. 690, 695 (110 Atl. 872, 12 A. L. R. 328, 331):

"It cannot be said that a sufficiently conspicuous guidepost for traffic, placed at the intersection of two streets, makes the highway defective. We take judicial notice of the common use of such devices at such locations, and that they do serve a useful purpose in directing traffic and promoting obedience to the law."

The books contain many highway obstruction cases, but we do not feel called upon to classify or

distinguish them. We are content with the reasoning of the Connecticut case cited and hold that the village was performing a governmental function in maintaining the pole at the street intersection for the purpose of supporting its traffic lights, and that this was not a neglect of any statutory duty.

There being no negligence on the part of the city upon which recovery can be had, it is unnecessary to discuss or determine the question of contributory negligence.

The conclusion reached by the trial judge is correct. The judgment *non obstante veredicto* is affirmed, with costs to appellees.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.