RUDOLPH KOST *vs.* JOHN REILLY.

New Haven & Fairfield Cos., April T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

*R,* who kept a saloon and owned the furniture and stock of liquors in it, applied to the plaintiff as a broker to procure a purchaser for the property, agreeing to pay a commission of five per cent on the price obtained if he succeeded. The plaintiff afterwards brought *L* to him as a purchaser, and the following contract was made between them. " Whereas *R* has this day sold to *L* the stock of liquors, furniture and

Kost *v.* Reilly.

fixings of the saloon No. 304 Water St., for the sum of $2,800, license not included, but *R* guarantees that a license will be granted, and if no license there will be no sale. *L* agrees to pay on the signing of this agreement $250, and on taking possession $750, and $50 monthly thereafter until the balance of $2,800 is paid." *L* paid *R* $250 at the time of signing, but soon after abandoned the purchase. *R* had remained in possession and refused to return the $250 paid. Held that the plaintiff had not effected a sale, and was not entitled to the commission.

There was not a sale *in presenti*, but a contract for a future sale.

Where parties provide for a delivery at a future time, or if by the terms of the agreement there is anything to be done by either party in the nature of a condition precedent, the parties manifest an intention that the title shall not pass until such delivery or until the condition precedent has been fulfilled.

Here the $750 was to be paid before possession was to be delivered, besides which there was to be no sale if a license was not obtained.

[Argued April 20th—decided May 28th, 1892.]

ACTION to recover a broker's commissions for selling property for the defendant; brought, by appeal from a justice of the peace, to the Court of Common Pleas of Fairfield County, and tried to the court before *Perry, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is fully stated in the opinion.

*S. Judson, Jr.,* for the appellant.

*J. B. Klein,* for the appellee.

ANDREWS, C. J. On the 15th day of May, 1890, the defendant was the owner of a certain saloon in the city of Bridgeport which prior to that time he had been conducting. He desired to sell out his stock, furniture and business, and engaged the plaintiff as a broker "to procure a purchaser therefor—to effect a sale,"—upon the agreement that he should receive a commission equal to five per cent of the purchase money in case he succeeded. Pursuant to that employment the plaintiff brought one Longmuir to the defendant, with whom the defendant had negotiations such that a written agreement was entered into and signed by them as follows :

"BRIDGEPORT, Ct., May 22d, 1890.

"Agreement made this day between John Reilly, of Bridgeport, County of Fairfield and State of Connecticut, and James Longmuir, of Adams, Massachusetts: Whereas the said John Reilly has sold this day to James Longmuir the stock of liquors, tobacco, cigars, wines, ale, beer, furniture and fixtures of the saloon, No. 364 Water Street, for the sum of twenty-eight hundred dollars, license not included; but said Reilly agrees to guarantee that a license will be granted, as application is on file, and if no license should be granted there will be no sale. The said James Longmuir agrees to pay on the signing of this agreement two hundred and fifty dollars, and on taking possession of the premises seven hundred and fifty dollars, and fifty dollars thereafter every month until the balance of the purchase money of eighteen hundred dollars is paid. In witness whereof we have hereunto set our hands and seals the date above written.

"JOHN REILLY.          (L. S.)

"JAMES LONGMUIR.      (L. S.)"

Longmuir paid the defendant the sum of two hundred and fifty dollars called for in the contract at the time of signing it. The defendant remained in possession of the premises and the property. A day or two later Longmuir abandoned the transaction, did not pay the seven hundred and fifty dollars, and demanded back the two hundred and fifty dollars he had paid. The defendant did not return that money to Longmuir, and a few days later sold the property to another party.

In the trial court it was conceded on the part of the plaintiff that he had no cause of action unless the making of the agreement and the contemporaneous payment of the two hundred and fifty dollars was the complete performance of his undertaking " to procure a purchaser—to effect a sale," of the saloon business and the goods mentioned. The case was tried there and is heard here on that theory. If then that agreement was a sale of the saloon business and the goods named *in presenti*, then the plaintiff is entitled to recover; but if it is a contract for a future sale, then the

plaintiff is not entitled to recover and the judgment in his favor is erroneous.

The question may be more distinctly stated in another form :—Did the title to the saloon business and goods in the saloon pass from the defendant to Longmuir by the execution of the agreement and payment of the two hundred and fifty dollars ?

In any case of the sale of goods the title does not pass from the seller to the buyer until such time as the parties intend that it shall pass. In most cases the intention of the parties as to the time when the title is to pass is manifested by a delivery, and the title does not pass until the delivery. But the absence of a formal delivery may not be decisive, for the intention may be gathered from other circumstances. In any such case the intention of the parties as to the time when the title is to pass can be ascertained only from the terms of the agreement as expressed in the words they have used, interpreted in the light of their conduct and as applied to known usages and the subject-matter. And it is the intention that existed at the time the bargain was made. The right of the parties under the contract cannot be affected by their undisclosed purposes or by their understanding of its legal effect.

When there remains anything to be done by the seller to fit the goods for sale or to identify them, as by counting, weighing or other means of designation, or where some payment is to be made by the buyer, the title does not ordinarily pass. If the parties have provided for a delivery at a future time, or if by the terms of the agreement there is anything to be done by either party in the nature of a condition precedent, they thereby manifest their intention that the title shall not pass until such delivery or until the condition precedent has been fulfilled.

In the contract before us, although it begins " whereas the said John Reilly has sold this day to James Longmuir the stock of liquors," etc., etc., the parties evidently contemplated a delivery at some time subsequent to the time when the contract was signed. Longmuir paid two hun-

Kost v. Reilly.

dred and fifty dollars "at the time of signing the agreement." He agreed to pay seven hundred and fifty more "on taking possession of the premises." It is found that "the defendant remained in possession of the premises and the property." He continued to treat the property as his own. It would seem from this that the intention of the parties was that the title should not pass until the seven hundred and fifty dollars was paid and there was the change of possession. Besides, the monthly payments of fifty dollars were to date from the taking of possession by Longmuir.

The defendant was a retail dealer in spirituous liquors, licensed to sell at the place mentioned in the agreement. The agreement has reference to the business carried on there and to the stock of goods he had on hand for that business. A license was absolutely necessary. Without one the business would stop. The license which the defendant had he could not sell. If he sold the business to Longmuir he would surrender his own license and a new one would have to be obtained in the name of Longmuir. The parties understood this and the agreement provides for it. The defendant guarantees that a license will be granted, as application was on file, and "if no license should be granted" there was to be "no sale." This provision can be read in no other way than as a condition precedent. It is that in case no license is granted there should be *no sale*. Not that a sale already made shall be avoided, or that a title already passed shall revest.

We have occasion to examine the language only so far as it serves to indicate the intention of the parties as to the time when the title was to pass. It seems to us that they did not intend there should be a sale unless there was a license granted, and that could not be determined until a time then future. The agreement says that an application for a license is on file. When the application was made does not appear. It must have been subsequent to the 15th day of May, for that was the earliest day on which the plaintiff was employed. The law requires the application

to remain on file at least two weeks, and until that time had elapsed the parties seem to have intended that the question of sale or no sale should remain an open one. And because it did so remain open the plaintiff had not performed his contract. He had not procured a purchaser and effected a sale of the goods in the saloon.

The judgment of the court below is erroneous and it is reversed.

In this opinion the other judges concurred.