EDWARD B. EAMES ET AL. *vs.* VIRGINIUS J. MAYO
ET AL.

Third Judicial District, New Haven, June Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A broker or promoter does not earn his commission unless he procures a customer who is willing to buy the property unconditionally upon the terms offered by the owner, or unless it appears that the conditions, upon which the customer expressed a contingent willingness to buy, had been fulfilled.

In the present case the writing setting forth the terms of purchase of the business and property of a corporation provided, among other things, that the contract was to be subject to verification as to the assets, orders on hand, and condition generally of the company, which was to be "satisfactory" to the customer, whose approval was to be given within thirty days from date, "or this contract cancelled automatically." *Held* that in the absence of any evidence that these conditions precedent had in fact been fulfilled, the plaintiff promoter had not made out a prima facie case of a present willingness upon the part of his customer to buy on the terms presented, and therefore was properly nonsuited in an action to recover his commission.

Argued June 7th—decided August 4th, 1922.

ACTION to recover for services alleged to have been rendered in procuring a purchaser for the plant of the defendant company and new capital for its reorganiza-

tion, brought to the Superior Court in New Haven County where the plaintiffs were nonsuited in a trial to the jury before *Marvin, J.*, and from the court's refusal to set aside this judgment in respect to the defendant Virginius J. Mayo, the plaintiffs appealed. *No error.*

*Walter J. Walsh,* for the appellants (plaintiffs).

*Charles D. Lockwood,* for the appellee (defendant Mayo).

BEACH, J.  The plaintiffs' evidence tended to prove that the plaintiffs were brokers and promoters; that the defendant Virginius J. Mayo agreed with them to pay them a commission in case they procured a purchaser, on terms stated, for the Mayo Radiator Company, which the defendant Mayo professed to own or control; that the plaintiffs induced the firm of C. R. Bergman & Company to agree to purchase the property and business on the terms stated in a form of contract admitted in evidence as Exhibit B; that Bergman & Company were ready, able and willing to buy on the terms stated in Exhibit B, and that the defendant Mayo, though he declared himself satisfied with the terms therein stated, refused to sign the contract, and afterward sold the property and business to third parties.

The motion for judgment as of nonsuit was based on the grounds that Exhibit B did not meet the terms on which Mayo offered to sell; that the plaintiffs did not offer any substantial proof that Bergman & Company were able to buy on the terms stated, and that Exhibit B did not contain any unconditional agreement to buy the property on the terms stated therein.   .

There is some evidence that Mayo professed to be

satisfied with the terms of purchase set forth in Exhibit B; but laying aside that question, and passing by the claim that the plaintiffs failed to prove the ability of their customer to carry out the proposed bargain, it is clear that the plaintiffs wholly failed to prove that their customer was willing to buy. The evidence on that point is confined to proof that Bergman & Company were willing to buy on the terms stated in Exhibit B, and that document, after reciting the terms of the proposed purchase, contains the following proviso: "Eighth: The contract is made subject to verification as to the assets, orders on hand, and condition generally of the Mayo Radiator Company, satisfactory to the party of the second part, which said approval is to be given within thirty days from date, or this contract cancelled automatically."

Although it appears that Bergman & Company employed a firm of accountants to verify the audit of the books made by Mayo, there was no evidence that any verification was made, or that the general condition of the Mayo Radiator Company was satisfactory to Bergman & Company, or that they gave their approval within thirty days.

These things were expressly made conditions precedent to the contract taking effect as a sale, and even if both parties had signed the paper, the conditions on which the purchasers expressed a contingent willingness to buy would still have remained unfulfilled. They are, moreover, of such a character that no reasonable inference can be drawn from the testimony that they probably would have been fulfilled, or that the refusal of the defendant Mayo to sign was the sole reason why they were not fulfilled.

The crucial question, whether the thing offered for sale was satisfactory to the purchaser at the asking price, remained undecided, and for all practical pur-

poses the mere signing of Exhibit B would not commit the purchaser on that point, for the limits within which Bergman & Company might honestly refuse to admit that the "condition generally of the Mayo Radiator Company" was "satisfactory to the party of the second part," are exceedingly uncertain. Besides, if they failed to give their approval within thirty days, "this contract cancelled automatically."

We are of opinion that proof that Bergman & Company were willing to sign Exhibit B does not make out a prima facie case of a present willingness on their part to buy the property and business of the Mayo Radiator Company on the terms stated therein.

There is no error.

In this opinion the other judges concurred.