WILLIAM SPRING ET AL. *vs.* ELLEN J. NAGLE.

First Judicial District, Hartford, January Term, 1926.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

In an action by the plaintiffs to recover a real-estate commission, the trial court did not err in refusing to set aside a verdict for the defendant on the ground that it was contrary to the evidence, since the jury might reasonably have found that at no time did the defendant, expressly or impliedly, engage the plaintiffs to procure a purchaser for her property and that her express promise, made after the execution of two contracts of sale with one

Spring *v.* Nagle.

W, to pay the plaintiffs a commission if the sales were completed, never ripened into a legal obligation because the condition upon which it depended was never fulfilled.

The construction of a written contract is a matter for the court and not the jury.

A general verdict imports that all the issues were found in favor of the prevailing party. The losing party can forestall the possibly disastrous effects of this principle only by requesting the submission to the jury of proper interrogatories.

After correctly charging the jury that if they found upon conflicting evidence that the defendant had impliedly engaged the plaintiffs to procure a purchaser for her real estate, the plaintiffs would be entitled to a commission if they had produced a customer who entered into an enforceable contract for the purchase of the property, the trial court erroneously instructed the jury that it was for them to determine whether the two agreements made by the defendant with W, constituted enforceable contracts. *Held* that the plaintiffs were in no position to complain of this error, since the general verdict for the defendant imported a finding by the jury that she had never employed the plaintiffs to act as brokers.

Argued January 7th—decided January 28th, 1926.

ACTION to recover for services as real-estate brokers, alleged to have been performed for the defendant, brought to the City Court of Hartford and tried to the jury before *Ross, J.;* verdict and judgment for defendant, and appeal by the plaintiffs. *No error.*

*Naaman Cohen,* for the appellants (plaintiffs).

*Henry J. Calnen,* for the appellee (defendant).

CURTIS, J. The first ground of appeal is from the denial by the trial court of the plaintiffs' motion that the verdict be set aside because contrary to the evidence. The plaintiffs claimed that under the evidence as to the relations between the parties, prior to the entering into of the written agreements hereinafter set forth, it could not reasonably be found otherwise than that the defendant had impliedly contracted with the plaintiffs to undertake, as brokers, to procure a purchaser for her home in Hartford.

Spring *v.* Nagle.

The defendant claimed and offered evidence to prove, that she never actually so employed the plaintiffs and that under all the evidence it could not reasonably be found that she impliedly employed the plaintiffs to procure a purchaser for her home. She further claimed and offered evidence to prove that when she and Wegyn executed the following agreements (set forth in the footnote), she then expressly promised to pay the plaintiffs a commission of two per cent. if the sale went through, that is, if it became a completely executed sale, and that this was the only promise ever made by her to pay the plaintiffs a commission. It is admitted that Wegyn did not carry out the written agreements and take the property.

Exhibit A.

Hartford, Conn., March 26th.

I, Ellen J. Nagle, sell to John Wengzin Property known 284 Wethersfield Ave. for the sum 10500 cash to be paid 2500 and 500 to be 1 year from date of transfer. Deposit $500. Unpaid blaance 10,000. Mrs. Hellen J. Nagle to tak back 2d mortg of blaance of what 1st mortg will be raise, and 2d mortg to be paid jist intress for 3 years than 100 every 6 month with 6% untill paid. This Deed will be giveing on or before May 1st, 1924.

Thornton J. Springer

W. S.

Ell J. Nagle

Jon Wegyn
Alex Jordan

Defendant's Exhibit 1.

Hartford, Conn. March 26/24

I, Hellen J. Nagle agreed to sell to John Wengzin Property known as No. 294 Wethersfield Ave. for the sum of $10,500 cash to be paid 2500 and.500 to be 1 year from date off transfer. Deposit 500 unpaid blance 10,000 Mrs. Helen J. Nagle to tak 2d mortge of the blance of what 1st mortg will be raise to 2d mortg to be paid jest intress for 3 years. Then 100 every 6 months with 6% intress until paid.

W. S.

Ellen J. Nagl

Jon Wengzn
Alex Jordan

The jury could reasonably have found that the defendant never employed the plaintiffs, expressly or impliedly, to procure a purchaser for her property, and that she had made no contract with them, except the express contract (made after the contract of sale was executed) to pay them a commission of two per cent. if the sale went through, and that since the sale was not completed no commission ever became due. *Kost v. Reilly,* 62 Conn. 57, 24 Atl. 519.

The plaintiffs' appeal includes alleged errors in the charge to the jury. We find only one of these claimed errors that merits consideration. The court charged, in effect, that the evidence warranted a finding by the jury that there was an implied request upon the part of the defendant that the plaintiffs render services to her in procuring a purchaser for her property. As stated above, the jury could reasonably have found that there was no such implied request on the part of the defendant.

The court thereafter charged the jury as to what circumstances, if proved, would entitle the plaintiffs to a verdict if the jury found that there was an implied contract of employment as brokers by the defendant.

The court then, under the above assumption that an implied contract of employment was proved, correctly charged as follows: "Where that situation exists, then the commission is earned just as soon as an enforceable contract for purchase and sale is made between the owner or owners of the property and the prospective buyer. . . . Where, however, he produces a customer who does actually enter into a contract to purchase, then he has under the ordinary brokerage contract performed his services and is entitled to his commission." And the court further correctly charged, under the same assumption as to an agreement being proved: "On the subject of producing a customer

Spring *v.* Nagle.

ready, able and willing to buy . . . our Supreme Court has said that after a broker has produced a customer who professes to be able and willing to buy the property on the terms fixed, it is for the principal then to decide whether the person presented is acceptable; and if without any fraud, concealment or other improper practice on the part of the broker, the principal accepts the person presented, either upon the terms previously proposed, or upon modified terms then agreed upon, and enters into a bond or enforceable contract with him for the purchase of the property, the commission is fully earned." And the court further charged, under the same assumption as to an agreement being proven: "You have a right to take into consideration the evidence offered you of a written agreement between the defendant here, Mrs. Nagle, and the alleged purchaser, Mr. Wegyn, and if you find that an enforceable contract such as has been described was entered into between these parties, then you would be entitled to find that the plaintiffs had produced a customer ready, able and willing to buy the property, and that the purchaser had been accepted by the defendant."

This last portion of the charge was not a correct statement of the law. For it was the duty of the court under the situation presented, to determine and instruct the jury whether or not the written exhibits constituted in law an enforceable agreement, and unless such charge was harmless, there was error.

An essential issue on this trial was clearly as to whether or not the defendant employed the plaintiffs as brokers to procure a purchaser of her home, and it is apparent that since the jury found the issues for the defendant, it may have found either that there was no contract of employment between the defendant and the plaintiffs, or that the written contract was not an

enforceable contract. We cannot determine, in the light of a general verdict, which of these alternatives the jury adopted in reaching its verdict; hence we cannot find reversible error, for the reason that if the jury found in accordance with the first alternative, the verdict must stand whatever conclusion they may have reached on the second alternative. The general verdict for the defendant finds all issues for the defendant. *Aaronson* v. *New Haven,* 94 Conn. 690, 696, 110 Atl. 872. None of the methods of protecting a party from the effects of a general verdict, suggested in *Callahan* v. *Jursek,* 100 Conn. 490, 493, 124 Atl. 31, were employed by the plaintiffs. The erroneous statement in the charge was therefore harmless.

There is no error.

In this opinion the other judges concurred.