WILLIAM J. O'NEIL ET AL. *vs.* THE LARKIN-CAREY
COMPANY

Third Judicial District, Bridgeport, April Term, 1927.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Although the complaint alleged that the excavation into which the
plaintiff fell while performing his duties as a night watchman,
had been made upon his employer's premises by the defendant
as an independent contractor having sole control and manage-
ment of the work, he claimed upon appeal, after a general ver-
dict for the defendant, that the trial court had erred in sub-
mitting this to the jury as an essential issue in the case, and in
failing to instruct them that, even though the defendant were
only the servant and agent of the employer, it might, neverthe-
less, be liable to the plaintiff. *Held* that this claim, however
meritorious, could avail the plaintiff nothing in view of the
general verdict which imported that all the issues, including the
negligence of both parties, were found in favor of the defendant.
The conclusive effect of a general verdict may be avoided by re-
questing the submission of proper interrogatories to the jury.
If a party draws his pleadings, tries his case, and frames his requests
to charge upon one theory, and the trial court adopts that
theory exactly as presented and submits its fairly and explicitly
to the jury, he cannot be heard to say upon appeal that error
was committed.
Assignments of error based upon the charge to the jury must point
out distinctly and specifically the particular matter claimed to
be erroneous.
Arguments of counsel must be confined to the evidence before the
jury.

Argued April 13th—decided June 6th, 1927.

ACTION to recover damages for personal injuries,
alleged to have been caused by the defendant's neg-
ligence, brought to the Superior Court in New Haven
County and tried to the jury before *Wolfe, J.;* verdict
and judgment for the defendant, and appeal by the
plaintiff. *No error.*

*Charles S. Hamilton,* for the appellant (plaintiff).

*William B. Gumbart* and *Frederick C. Hesselmeyer,* for the appellee (defendant).

HAINES, J. The plaintiff claimed that on July 7th, 1922, while employed by The DeForest & Hotchkiss Company as a night watchman and performing his duties as such, he fell into an excavation which had been made and left unguarded by The Larkin-Carey Company, Incorporated, and received severe personal injuries, and that this resulted solely from the negligence of the defendant. He was receiving payments from his employer under the Workmen's Compensation Act, at the time this action was brought, and upon motion, the employer was joined as a coplaintiff in this action.

The complaint further alleges that the defendant was erecting a building for, and on the land of, the DeForest Company, and that it had no relation of master and servant with the plaintiff, but in its relations with the DeForest Company, it was an independent contractor and had sole control and management of the work being done by it. By its answer, the defendant joined issue on these allegations, save that as to its relation to the plaintiff, which was admitted. It thus became an issue whether the Larkin Company was an independent contractor and had sole control of the construction work then being done; and the further issues involved were those of the negligence of the defendant Larkin Company, and the freedom from contributory negligence of the plaintiff. Upon these issues thus presented to the jury, it returned a general verdict for the defendant. The import of this was, that the jury found the Larkin Company was not an independent contractor having sole control of the work, that that company was not negligent, and that the plaintiff was not free from contributory negligence.

*Aaronson* v. *New Haven,* 94 Conn. 690, 696, 110 Atl. 872; *Callahan* v. *Jursek,* 100 Conn. 490, 124 Atl. 31; *Spring* v. *Nagle,* 104 Conn. 23, 131 Atl. 744.

The plaintiff, upon this appeal, claims the trial court erred in saying to the jury that the question whether the Larkin Company was an independent contractor, was an essential allegation of the complaint, and argues that even if the jury found this allegation not proved, the plaintiff was still entitled to a verdict, since defendant's negligent act as a servant and agent of the DeForest Company, would also make it responsible to the plaintiff in this action. Had the jury been asked to pass on both these issues, the general verdict would have concluded the plaintiff, as shown by the decisions cited, and if the plaintiff desired to protect his rights in this connection, he should have requested the court to submit proper interrogatories to the jury upon these issues.

The charge, however, presents but a single issue upon this point, and the jury were only called upon to say whether the Larkin Company *as an independent contractor,* had been negligent. It was told by the court: "If it should appear from the evidence, taking into consideration the rule of law that I am about to outline to you, that the defendant was not performing this work as an independent contractor, but merely as an employee of the DeForest & Hotchkiss Company, such latter company having control and direction of the work, then in such circumstances you would not have to consider the other elements in the case, for such fact would be decisive of the plaintiff's cause of action against the defendant, and it would be your duty to render a verdict in favor of the defendant."

The plaintiff now claims it was the duty of the court to present both issues to the jury for decision, and that the pleadings justify that claim.

O'Neil *v.* Larkin-Carey Co.

The language of the complaint is: "The defendant was constructing the said building and mill for The DeForest & Hotchkiss Company as an independent contractor, and had sole control and management of the construction thereof, and of all work that was being done in connection with the foundations and construction of said building." To this there was a general denial.

The plaintiff made six written requests to charge. In the first of these appears the following language: "He [the plaintiff] claims to recover against this defendant on the ground that the work being done there at the time was being done by the defendant as an independent contractor, and was not being carried on by The DeForest & Hotchkiss Company, except only to the extent that the DeForest & Hotchkiss Company was to pay for the work when it was done by the defendant, and the work was to be done on plans furnished by The DeForest & Hotchkiss Company to suit the purposes of the DeForest & Hotchkiss Company."

The second and third requests submit definitions of independent contractor. The fourth request states what plaintiff claims to have proved as to details of performance of the work, and concludes: "If the jury find these facts to be true and proven, then the defendant was an independent contractor, and if it was guilty of negligence in the respect charged in the complaint, while the plaintiff himself was in the exercise of due and reasonable care on his part, the plaintiff is entitled to recover."

The fifth claim refers to certain evidence as to the relation of the defendant to The DeForest & Hotchkiss Company, and adds: "That is the strongest kind of evidence that it was an independent job undertaken by the defendant, and was not the mere employment of the defendant as the servant of The DeForest & Hotchkiss Company."

O'Neil *v.* Larkin-Carey Co.

The sixth claim also states certain of the evidence furnished by the plaintiff, and adds: "If you find this to be the fact, then you may find and should find that the defendant was an independent contractor and that it is liable for any negligence of its agents and servants in doing this work, and it is not The DeForest & Hotchkiss Company who is liable."

Whatever the plaintiff may now say as to the scope of the allegations of the complaint, it is perfectly obvious that it was drawn upon one theory only, viz., that the defendant was responsible as independent contractor. This is made conclusive by the construction which the plaintiff himself has put upon his own language in the complaint, as reflected in the requests to charge. The court took the complaint and the complainant's claims thereunder, exactly as presented, and submitted them fairly and explicitly to the jury. The plaintiff cannot now be heard to say that the court erred in thus presenting the sole issue which the plaintiff himself had framed, and had requested the court to submit to the jury. *Knapp* v. *Tidewater Coal Co.,* 85 Conn. 147, 157, 81 Atl. 1063; *New Haven Water Co.* v. *Russell,* 86 Conn. 361, 364, 85 Atl. 636; *Hall* v. *Hall,* 91 Conn. 514, 518, 100 Atl. 441; *Ohlin* v. *Kowner,* 96 Conn. 394, 401, 117 Atl. 117.

The nine reasons of appeal which follow the one to which we have referred, are an attempt by plaintiff's counsel to challenge practically the entire remainder of the charge, by successive and extended quotations therefrom, under the sole allegation that the court erred.

We have so often pointed out that this violates a salutary and definite statutory requirement, that it should not be necessary to do so again. Blanket objections of this character are unfair to opposing counsel and to both the trial and the appellate court, and in

O'Neil v. Larkin-Carey Co.

the present case would justify this court in refusing to consider the questions which the plaintiff's brief raises for the first time. The record itself does not put court or counsel "fairly in possession of the particular points of law which the appeal is designed to raise." Practice Book, p. 310, § 14; General Statutes, §§ 5833, 5837; *Ruocco* v. *Logiocco*, 104 Conn. 585, 588, 134 Atl. 73, and cases there cited. However, out of consideration for the rights of this plaintiff, we have carefully considered the entire charge with special reference to the claims made in the brief and argument of his counsel. Those portions touching the question of independent contractor, we have already sufficiently referred to. Other claims have to do with the court's statements on the subjects of negligence and contributory negligence. Whatever criticism may lie against detached portions of the charge taken by themselves, the charge as a whole upon these subjects contains a fair and sufficiently full and accurate statement of the rules of law and their application to the issues. The reference to the Workmen's Compensation Act in its relation to this case, is also unexceptionable.

The last reason of appeal, which predicates error upon the action of the trial court in restricting plaintiff's counsel in argument to the jury, is without merit. The record clearly shows that the remarks of counsel which brought the admonition from the court, were outside the evidence and improper. The court was but exercising its proper function in directing counsel to confine his argument to the evidence before the jury. *State* v. *Main*, 75 Conn. 55, 52 Atl. 257; *State* v. *Cabaudo*, 83 Conn. 160, 76 Atl. 42; *Worden* v. *Gore-Meenan Co.*, 83 Conn. 642, 78 Atl. 422.

There is no error.

In this opinion the other judges concurred.