634

STATE OF CONNECTICUT *v.* EDGAR F. ST. AMAND

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 9-4680

Argued April 6—decided June 10, 1964

*Francis R. Danaher,* of Meriden, for the appellant (defendant).

*William P. Lage,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant was charged with reckless driving in violation of § 14-222 of the General Statutes. Upon trial to the jury, he was found guilty. He has appealed, assigning as error the action of the court in denying his motions to dismiss the information and to set aside the verdict, and in permitting the state to attack the credibility of its own witnesses. The state filed a motion to dismiss the appeal, but since that motion is not properly before us, we do not consider it.

It has been repeatedly held that the denial of a motion to dismiss a criminal information is not a ground of appeal. *State* v. *Smith,* 149 Conn. 487, 489; Maltbie, Conn. App. Proc. § 212.

It is to be noted that the appeal in this case was from the decision of the court denying the motion to set aside the verdict and not from the judgment rendered on the verdict. Proper procedure under the General Statutes and rules of practice requires the appeal to be taken from the judgment. General Statutes §§ 51-265, 54-95, 52-263; Practice Book, 1963, §§ 600, 1023. The appeal, however, is not void but merely voidable as defective in form. A motion to dismiss not having been filed as to this defect, it is waived and we consider the appeal on its merits. *Desmarais* v. *Pinto,* 147 Conn. 109, 110; *Letsch* v. *Slady,* 145 Conn. 401, 402.

The assignment of error addressed to the court's denial of the motion to set aside the verdict is based on the ground that the verdict was not supported by the evidence. The ruling on a motion to set aside a verdict is reviewed on the evidence; *State* v. *Devine,* 149 Conn. 640, 654; and the action of the trial court is entitled to great consideration because of its position of advantage in passing upon the question. *State* v. *LaFountain,* 140 Conn. 613, 616. The court was acting in the exercise of a legal discretion, and its action must not be disturbed unless it is manifest that the discretion was abused. The question for us to consider is not whether on the evidence we would arrive at the same result as the jury but rather whether the conclusion reached by the jury is clearly unreasonable under all the circumstances and one which no jury could fairly and reasonably reach on the evidence. *State* v. *Bradley,* 134 Conn. 102, 108; Maltbie, Conn. App. Proc. § 190. Determination of the weight of the evidence and the credibility of wit-

nesses is the exclusive function of the jury, and if they acted reasonably their conclusion upon these points is final. *Canfield* v. *Sheketoff*, 104 Conn. 23, 30.

The jury reasonably could have found the following facts: On January 14, 1963, at approximately 6:40 a.m., the defendant was involved in an automobile accident with a milk delivery truck on Cole Road in the town of Cromwell. Prior to the accident, the milk truck was proceeding southerly on Cole Road and had pulled to the left and parked partially on the shoulder with about three-fourths of the truck on the northerly lane of the road. While the truck was so parked, the defendant drove head on into it. The weather was clear and cold—below freezing—and it was just getting to be dawn; visibility was from 300 to 400 feet. The operator of the truck had turned off his lights, except for the parking lights, some ten to fifteen minutes prior to making this delivery stop. He first saw the defendant's automobile some 300 feet away, and when it approached to within 30 to 40 feet he noticed that the windshield of the defendant's automobile was "all iced up or frosted." The defendant lived on Cole Road some 500 feet from the scene of the accident and he had wiped off his windshield before starting out of his yard, with two passengers, to go north on Cole Road. The road was 18.5 feet wide at the point of impact, and the defendant's automobile was 11 feet from his left-hand side of the road. Skid marks of the defendant's automobile showed for 24 feet. The area was residential, with private drives on each side of Cole Road. The windows of the defendant's automobile were closed, and the defendant admitted that his windshield frosted up right after he left his yard and that though his defroster was running it had not heated up sufficiently to be effective. The defendant proceeded some 500 feet with this frosted

condition of his windshield to the point of the collision.

Upon these facts, the jury might reasonably conclude that the defendant's operation demonstrated a persistent course of intentional conduct accompanied by a reckless indifference to the safety and just rights of others and to the consequences of his actions. The trial court did not abuse its discretion in denying the defendant's motion to set aside the verdict.

The defendant's final assignment of error is "that the court erred in permitting the attorney for the state to attack the credibility of the state's witnesses and in attempting to impeach the state's witnesses." We do not consider this assignment of error since it does not conform to the procedure set forth in Practice Book, 1963, § 1006 (4). See Form No. 819. The assignment of error so transcends the bounds of proper procedure that it cannot be considered on appeal. As it was necessary for us to read the evidence to determine the court's ruling on the motion to set aside the verdict, we will only add that the defendant took no exceptions to the court's rulings on questions asked by the state of its own witnesses in redirect examination, and for this reason alone the rulings would not be properly before us. The burden of establishing harmful error is on the appellant. The defendant appeared to be content until an adverse verdict was rendered.

There is no error.

In this opinion KOSICKI and LEVINE, Js., concurred.