ANTOINETTE MENARD ET AL. *v.* CORONET MOTEL, INC.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued December 2, 1964—decided February 17, 1965

*Lester Katz,* for the appellants (plaintiffs).

*Peter B. Sullivan,* with whom was *Robert A. Argazzi,* for the appellee (defendant).

PER CURIAM. The plaintiffs brought this action to recover a real estate commission which they claimed to have earned in the sale of the defendant's real estate. They now appeal from a judgment rendered for the defendant.

The finding of subordinate facts, which is not attacked, discloses the following situation: After the defendant had engaged the services of the plaintiffs, the plaintiffs negotiated a contract for the sale of the property to James P. and Viola Peak. The contract contained a provision which is set forth in the footnote.[1] Subsequently, the Peaks refused to complete the purchase, and the defendant is seeking specific performance of the contract in a suit which is still pending in the Court of Common Pleas in Hartford County. *Coronet Motel, Inc.* v. *Peak*, Court of Common Pleas, Hartford County, No. 78859. In the trial of the case now before us, the plaintiffs offered no evidence of the fulfilment of the condition precedent contained in the quoted provision of the contract.

A real estate broker is entitled to a commission when, but only when, he produces a buyer who is ready, willing and able to purchase on the terms prescribed by the seller. *Richter* v. *Drenckhahn*, 147 Conn. 496, 500, 163 A.2d 109; *Metz* v. *Hvass Construction Co.*, 144 Conn. 535, 536, 135 A.2d 363. The burden of proving those facts is on the broker. *Lesser* v. *Altnacraig Convalescent Home, Inc.*, 144 Conn. 488, 491, 133 A.2d 908.

---

[1] "The obligation of the Buyers to perform this agreement shall be conditional upon their ability to sell their real estate located at 372 Woodbridge Street, Manchester, Connecticut for a net sales price of Fourteen Thousand ($14,000) Dollars on or before June 15, 1960. In the event that the Buyers shall fail to sell said premises by the time stipulated for the performance of this agreement, then they shall be at full liberty to rescind this agreement and recover their deposit from the Seller; provided, however, that they shall notify the Seller, in writing, on or before the time so stipulated and the Seller, or its nominee, may purchase said premises at the price aforementioned. Failure of the Buyers to give notice to the Seller, or its nominee, shall be a breach of this agreement and the Buyers shall perform this agreement in accordance with the terms set forth herein."

The contract between the defendant and the Peaks clearly sets up a condition precedent to the Peaks' obligation to purchase. Until this condition had been fulfilled, it cannot be said that the Peaks were ready, willing or able to buy on the terms prescribed. See *Eames* v. *Mayo,* 97 Conn. 725, 727, 117 A. 802. The plaintiffs, therefore, failed to prove their right to a commission.

There is no error.