Hillsborough
No. 6618

MARY J. BELL & a. d.b.a. P AND B REAL ESTATE

v.

WARREN DEVELOPMENT CORPORATION

April 30, 1974

*Nedved & Senn (Mr. Howard E. Nedved* orally) for the plaintiffs Mary J. Bell and Olga C. Packard.

*Winer, Lynch, Pillsbury & Howorth (Mr. Robert W. Pillsbury* orally) for the defendant.

LAMPRON, J. Action to recover a broker's commission on an oral nonexclusive listing of real estate in Milford owned by the defendant corporation acting through its president Warren Snyder. Trial by jury before *King,* J. resulted in a disagreement. Defendant's exceptions to the denial of its motions for nonsuit, directed verdict, and for judgment "notwithstanding the hung jury" were reserved and transferred. Such a transfer may be made under Rule 69 of the Superior Court if the presiding justice certifies "that the exceptions raise important questions of law which justice and convenience require shall

be determined in advance of further proceedings." RSA 491:App. R. 69 (Supp. 1973); *see* RSA 491:17.

There is no dispute about the terms of the listing made in March 1970. The sale price was $1,200,000, the seller was to net $50,000 in cash at the time of sale and take back a second mortgage, the broker was to receive a commission of 6%. It was also agreed that income tax considerations were important factors in the terms of the sale.

On or about August 11, 1970, plaintiffs submitted to Snyder an offer of $1,050,000 which he expressly rejected in a telephone conversation in the early evening of August 13. Plaintiffs testified that Snyder told them at that time that he had just refused an offer of $1,144,000 submitted by another agent from whom he expected to hear later that night. Plaintiffs also testified that around midnight that same evening they called Snyder again with an offer from Melrose Realty Trust for the listed price of $1,200,000 accompanied by a check of $2,000 as a binder. This offer was contained in a written instrument but the plaintiffs did not reveal its terms to Snyder at that time. The next morning, August 14, they arrived at Snyder's home at 7 a.m. accompanied by a constable to hand-deliver the offer and check. Snyder was absent and his wife did not accept the documents. Snyder testified that he had sold the property at 11 p.m. on August 13 to the client of the other agency for $1,200,000.

Our law is well settled that in order to be entitled to a commission the plaintiffs had to produce a buyer ready, willing and able to purchase the property on the terms and conditions specified by the seller. *Philbrick v. Chase,* 95 N.H. 82, 58 A.2d 317 (1948). It is equally well-established law here and elsewhere that if the terms proposed by the prospective purchaser vary in any material degree from those specified or accepted by the seller, the brokers have failed to fulfill the obligations they undertook and are not entitled to a commission. *Dunn v. Staples,* 109 N.H. 251, 248 A.2d 635 (1968); *Menard v. Coronet Motel, Inc.,* 152 Conn. 710, 207 A.2d 378 (1965); *Bowley v. Paine,* 291 A.2d 712 (Me. 1972); Annot., 18 A.L.R.2d 376, 379 (1957).

Plaintiffs' right to recover must stand or fall on the terms of the written offer made by Melrose Realty Trust. *See* 9 J. Wigmore, Evidence § 2427 (3d ed. 1940). In that offer, introduced as an exhibit, Melrose agreed to pay the list price of $1,200,000; the sale was to be subject to certain first mortgages existing on the properties; defendant was to hold a second mortgage of not less than $334,000 plus cash for the balance of the sale price. Melrose also reserved the right to prepay the second mortgage without penalty and to pay interest on it every 90 days. The last paragraph of its offer read as follows: "Be it specifically understood that this is a letter of intent, subject to the Buyers ability to transfer the equities in an exchange of the real estate at 12 Princess Street, Wakefield, Middlesex County, Massachusetts."

Without deciding whether some of the other terms of the offer failed to meet those of the listing, we hold that the exchange conditions imposed by the paragraph above constituted a material variation from them to which the seller never agreed. In effect this condition had to be fulfilled before Melrose became a ready, willing or able buyer so that Melrose's proposition was not an offer accepting the seller's terms but a counter-offer which the defendant never accepted. *Menard v. Coronet Motel Inc.,* 152 Conn. 710, 207 A.2d 378 (1965); *see Lord v. Meader,* 73 N.H. 185, 188, 60 A. 434, 436 (1904). We further hold that the plaintiffs were not entitled to a commission as they failed to produce a purchaser ready, willing and able to buy in accordance with the terms authorized by the seller. *Dunn v. Staples,* 109 N.H. 251, 248 A.2d 635 (1965); *Lampros v. Kalivretenos,* 221 A.2d 916 (D.C. Ct. App. 1966); *Bowley v. Paine,* 291 A.2d 712 (Me. 1972); 1 A. Corbin, Contracts § 50, at 217 (1963). Defendant's exceptions are sustained and the order is

*Judgment for defendant.*

All concurred.