Belknap
No. 86-288

VERNAL DRAKE

v.

JOHN C. CONKLING

August 17, 1987

*Nighswander, Martin & Mitchell P.A.*, of Laconia (*Nancy L. Ball* on the brief and orally), for the plaintiff.

*Ray, Hopkins & Reynolds P.A.*, of Plymouth (*William H. Hopkins* on the brief and orally), for the defendant.

PER CURIAM. The trial in the Superior Court (*Dickson*, J.) of this action to collect a real estate broker's commission resulted in a plaintiff's verdict. The jury's award represented the commission attributable to the uncompleted sale of the defendant's land, as well as commissions attributable to uncompleted sales of adjacent tracts, which the jury evidently found would have been sold had it not been for the defendant's wrongful refusal to complete the sale of his own property. On appeal, the defendant asks us to reexamine the New Hampshire rule governing contractual liability to pay real estate sales commissions, and to reverse because of trial court error in admitting evidence, in charging the jury, and in submitting the case to the jury. We affirm.

█ The defendant urges us to overrule *Philbrick v. Chase*, 95 N.H. 83, 58 A.2d 317 (1948), which held that a signed agreement for the purchase and sale of real estate is not necessary before a broker may collect his commission from the seller, for procuring a willing and able buyer for the subject property. *See also Williams v. Walker*, 95 N.H. 231, 61 A.2d 522 (1948). In place of that holding, the defendant argues for our adoption of the rule followed in New Jersey, that a land broker is entitled to a commission only after (a) he has produced a purchaser ready, willing and able to buy on the seller's terms, (b) the buyer and seller have made a binding purchase-sale contract, and (c) the buyer has honored the contract by completing the transaction. *Ellsworth Dobbs, Inc. v. Johnson*, 50 N.J. 528, 551, 236 A.2d 843, 855 (1967).

While we do not rule out a reexamination of *Philbrick*, this is not the case to do it. There was persuasive evidence in the present record from which the jury could have found that the defendant declined to execute a purchase-sale agreement, even though a potential buyer was prepared on two occasions to agree to the defendant's terms. Because even the New Jersey rule would allow recovery "if the failure of completion of the contract results from the wrongful act or interference of the seller," *Ellsworth Dobbs v. Johnson, supra* at 551, 236 A.2d at 855, there is no reason to believe that the result in this case would be different if we adopted the defendant's position. *See* RESTATEMENT (SECOND) OF AGENCY § 445(e) (1958).

█ Nor can we agree that the trial judge should have dismissed the case or vacated the jury verdict for failure of proof that the prospective buyer was ready, willing and able to accept the defendant's terms without material variation. *See Bell v. Warren Dev. Corp.*, 114 N.H. 267, 268, 319 A.2d 299, 300 (1974). The jury

was entitled to accept testimony that in February, 1984, the defendant evaded attempts by the buyer's agent to arrange a meeting to execute the purchase-sale agreement originally proposed by the defendant, who instead made a business trip to Maine to discuss possibilities for developing the land in question.

The admissibility of testimony on this point was, to be sure, subject to dispute. The principal evidence came from the buyer's agent, who stated that at material times the buyer was ready, willing and able to buy. The defendant objected to his testimony, citing New Hampshire Rules of Evidence 402 (relevance), 403 (undue prejudice) and 801 (hearsay). At most, there was error in admitting hearsay. But because the agent could have testified to his employer's instructions, the admission of the agent's statements about the employer's intent was harmless in the circumstances. *See* N.H. R. Ev. 103(b) (no reversible evidentiary error without effect on substantial right).

The defendant next claims that the court erred in failing to instruct the jury that the plaintiff could not recover commissions for the aborted sales of the two adjoining tracts without proof that the defendant had reason to foresee that such injury would follow from a refusal to complete the sale of his own land. *See Petrie-Clemons v. Butterfield,* 122 N.H. 120, 124, 441 A.2d 1167, 1170 (1982). The record, however, does not indicate that the defendant raised this issue in his objections to the charge. His objections were confined, rather, to concern that the requisite connection between the defendant's breach and such consequential damages should be described as "but for," rather than "substantial," causation. The foreseeability issue may not be raised for the first time on appeal. *See Daboul v. Town of Hampton,* 124 N.H. 307, 471 A.2d 1148 (1983).

 Finally, the defendant argues that it was error to refuse his requests for instructions on the plaintiff's obligation to prove that the plaintiff produced a buyer ready to buy on the seller's terms, as distinguished from a buyer who failed to accept all of those terms, or who sought to vary them by counter-offer. We can find no such reversible error, since the court stated to the jury on five separate occasions that there was no liability unless the buyer was ready to accept the defendant's terms and conditions.

*Affirmed.*

BATCHELDER, J., did not sit.