[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, a commercial real estate broker, brings an action against the defendant, David A. Piccollo, for a breach of a real estate listing agreement dated January 1, 2000.
The plaintiff is licensed and the listing agreement entered into between the plaintiff and defendant complies with the statutory requirements. The agreement provides in paragraph 1: "If during the term of the AGREEMENT, the property is sold/exchanged, the OWNER will pay the AGENT a commission of eight (8) percent of the agreed upon sales/exchange CT Page 6373 price at closing if the transaction has two or more brokers involved. The commission will be six (6) percent of the agreed upon sale/exchange price at closing if the AGENT is the sole in the transaction." The agreement provides at paragraph 3: "If the LISTED PROPERTY is sold/exchanged within twelve (12) months of the expiration date of this agreement to a person introduced to the LISTED PROPERTY during the listing period, owner agrees to pay the commission as outlined above."
Plaintiff moves for summary judgment claiming that he produced a buyer ready, willing and able to buy the listed property without contingency at the full listing price. Plaintiff alleges that the offer complied in every respect with the listing agreement, but that the defendant ignored the offer. Plaintiff claims he has produced a ready, willing and able buyer, but because of the wrongful refusal of the defendants to deal with the plaintiff or the offeror, he was denied an opportunity to perform under the listing agreement. Any sale did not occur, plaintiff alleges, because of the unilateral nonperformance of the seller. In an amendment to his complaint, plaintiff claims an additional cause of action for tortious interference and breach of an implied covenant of good faith and fair dealing. An objection to plaintiffs request for leave to file an amended complaint was sustained. Therefore, this memorandum only deals with the original complaint or count one of the proposed amended complaint dealing with breach of contract.
Discussion
The standard to be applied on a summary judgment motion pursuant to Practice Book § 17-44 is, if the pleadings, affidavits and other proof submitted by the motion show that there is no genuine issue as to any material fact, then the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority of New Haven, 213 Conn. 354
(1990). In order to satisfy this burden the movant must show that it is clear what the truth is and that there is no real doubt as to the existence of any material fact. D.H.R. Construction Co. v. Donnelly,180 Conn. 430 (1980). of course, in determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Strada v. Connecticut Newspapers, Inc.,193 Conn. 313 (1984); Connell v. Colwell, 214 Conn. 242 (1990).
By statute in Connecticut, an action by a licensed real estate broker for a commission cannot be maintained unless there is a written contract or authorization. Obviously, the broker's right to a commission depends upon the terms of the contract which it enters into with the seller.Revere Real Estate v. Cerato, 186 Conn. 74, 77 (1982). The Revere case clearly states that a broker and owner may determine on what terms and conditions the brokerage commission is payable. While in the normal CT Page 6374 course to recover a commission, a real estate broker ordinarily must show it has produced a customer who is ready, willing and able to purchase on the terms and conditions prescribed by the seller, Walsh v. Turlick,164 Conn. 75, 80 (1972), the listing contract may, however, make the broker's right to a commission dependent upon specific conditions, such as the consummation of the transaction and the full performance of the sales contract. Spring v. Nagle, 104 Conn. 23, 26-27 (1926), and Revere, supra. The case of Nugent v. Delveccio, 36 Conn. Sup. 532 (1980), cited for the plaintiff in opposition to the motion, is misinterpreted by plaintiff. In that case, the appellate session determined that the listing agreement that provided for the payment of a commission by the owner upon sale of the premises did not require the owner to pay a commission when an owner refused to convey the property to a ready, willing and able buyer. In the Revere case, our Supreme Court stated, "[a] seller cannot defeat a broker's right to its commission by his unilateral nonperformance of the sales contract unless the listing contract reserves the right to condition payment upon the consummation of the sales contract. Id. at p. 78. (Emphasis supplied.)
Accordingly, the motion for summary judgment addressed to the plaintiffs complaint dated June 29, 2000 is granted.
 _____________________ McLACHLAN, JUDGE